IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CR-418 JAR NAB |
| | ) | |
| JAMES TIMOTHY NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **SUPPLEMENTAL MOTION FOR PRE-TRIAL DETENTION**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and hereby supplements its previous motion seeking that the Court to order defendant detained pending trial.  This Court has scheduled a detention hearing to take place on October 9, 2020 at 9:30 a.m..

As for its grounds, the Government states as follows:

1. As the Court is aware, the Pretrial Services Office has recommended detention in this case (Doc. No. 37), on the grounds that the defendant poses a risk of nonappearance due to his lack of ties to the Eastern District of Missouri, as well as his criminal history, which include multiple violent felonies, and the nature of the pending charges, the *minimum* penalty for which is a term of life imprisonment were the defendant to be convicted.

2. The Pretrial Service Office has also recommended detention on the grounds that the defendant poses a risk of danger to the community, given the nature of the

offenses with which the defendant is charged, his criminal history, and his history of offenses involving violence.

3.   On September 2, 2020, District Judge Charmiane G. Claxton of the Western District of Tennessee conducted a detention hearing in the matter of defendant Norman's co-defendant, Terica Ellis.  The United States presented the testimony of St. Louis Metropolitan Police Department Detective Donald Thurmond, who offered testimony during his direct exam, and was cross-examined by counsel for Terica Ellis.

4.   The testimony of Detective Thurmond pertained almost exclusively to the strength of the evidence in the government's case against both defendant Norman and defendant Ellis.

5.   At the conclusion of that hearing, the Court ordered defendant Ellis detained, finding that "weighing all the factors" identified in the Bail Reform Act that the "presumption [of detention] has not been rebutted."  Tr., p. 50.[1]

6.   In connection with defendant Norman's detention proceeding, the government has filed a transcript of that proceeding as an exhibit to the present motion.

7.   The government respectfully requests that this Court weigh the evidence of Detective Thurmond's testimony, which does not implicate the Confrontation Clause, in its consideration of defendant Norman's request for bond.  *See United States v. Thompson*, No. 4:05CR00161 HEA(AGF), 2005 WL 3050634, at *6 (E.D. Mo. Nov. 14, 2005) (noting that "courts applying *Crawford* have also declined to

---

[1] Magistrate Judge Stephen Welby subsequently reconsidered the issue of defendant Ellis's detention, and granted the government's motion for detention.  Doc. No. 51 at 4 (ordering detention even where defendant "has no felony convictions" and has a "two-year-old daughter" with a "serious medical condition," noting that the "evidence in the Government's case is strong.").

extend its holding to other non-trial types of court proceedings") (citing *United States v. Hernandez*, 778 F. Supp. 2d 1211, 1219-27 (D.N.M. 2011) (confrontation clause does not apply at a pretrial detention hearing; "[T]he Supreme Court has consistently held that the Sixth Amendment is a trial right . . . ."); *United States v. Bibbs*, 488 F. Supp.2d 925, 925-26 (N.D. Cal. 2007) ("Nothing in *Crawford* requires or even suggests that it be applied to a detention hearing under the Bail Reform Act, which has never been considered to be part of the trial."); *Godwin v. Johnson*, 957 So. 2d 39, 39-40 (Fla. Dist. Ct. App. 2007) ("The confrontation clause of the Sixth Amendment expressly applies in 'criminal prosecutions.' . . . [T]his does not include proceedings on the issue of pretrial release.")).

WHEREFORE, the Government requests this Court order defendant detained prior to trial.

Respectfully submitted,

JEFFREY B. JENSEN
UNITED STATES ATTORNEY


*/s/Gwendolyn E. Carroll*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657OO3NY
ASSISTANT UNITED STATES ATTORNEYS
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Gwendolyn E. Carroll*
GWENDOLYN E. CARROLL, #4657OO3NY