UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CR-00418-JAR (NAB) |
| | ) | |
| JAMES TIMOTHY NORMAN, | ) | |
| TERICA TANEISHA ELLIS, and | ) | |
| WAIEL REBHI YAGHNAM, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

Pursuant to the provisions of Federal Rule of Criminal Procedure 16(d) and Federal Rule of Evidence 502(d), upon motion of Plaintiff, the United States, the Court enters this Protective Order for the purpose of assuring the confidentiality of discovery materials disclosed by the Plaintiff to the Defendants and their counsel in this case during the course of discovery.

IT IS ORDERED, ADJUDGED, AND DECREED that the following procedures will govern the production and/or use of discovery materials that are disclosed in this case:

1. This Protective Order governs the treatment and handling of all information, material, and documents produced by the United States to the Defendants or their counsel during the discovery proceedings in accordance with the Federal Rules of Criminal Procedure or any order of the Court in this matter.

2. Discovery materials may be used by Defendants and their counsel only for purposes related to this action and for no other purpose, under the restrictions set out in this Order, and under no circumstances, other than those specifically provided for in this or a subsequent Order of this Court, shall Defendants or their counsel disclose discovery materials to persons or

    entities other than the following (subsections (c) through (h) comprising the "Defense Team"):

    (a) The Court and Court Personnel;

    (b) Government Counsel;

    (c) Counsel for Defendants;

    (d) Defendants;

    (e) Secretarial, clerical, paralegal, investigator, students or other personnel employed full-time or part-time by Defendants' counsel, provided such counsel deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

    (f) Experts or consultants who have been retained by Defendants for the purpose of assisting to conduct these actions or who are being considered as personnel who may provide services to assist in the defense of this litigation;

    (g) Electronic discovery vendors engaged to host discovery materials for any party hereto;

    (h) Fact witnesses at trial or in preparation for their testimony, provided that Defendants' counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order; and

    (i) Other persons, upon order of this Court or upon stipulation by the United States and any affected Defendant whose privacy rights may be implicated.

3. Counsel for all parties shall inform all persons or entities as designated in paragraphs 2(b)-(f), to whom disclosure is made of discovery materials under this Protective Order, and

    obtain an acknowledgement from them that they understand and will comply fully with the Protective Order.

4. In the event that counsel for any Defendant determines to file with or submit to this Court and discovery materials subject to this Protective Order, whether by way of pleadings, motions, briefs, or other papers or submissions, such counsel must make a motion in accordance with U.S. District Court-EDMO Local Rules 83-13.05 for permission from the Court to file or submit such material under seal.  If an exhibit that contains any discovery materials subject to this Protective Order is offered to the Court during any in-court, pretrial proceeding, such exhibit shall be withdrawn at the conclusion of the hearing and retained by the party offering the same, with a copy of such exhibit being made available to any counsel who requests the same and who is subject to this Protective Order.

5. Within three (3) months of the conclusion of this litigation (which shall be the latest of: (1) the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals; or (2) the date of disposition of all motions for post-conviction relief, including any statutory *habeas corpus* motion made pursuant to Title 28, United States Code, Section 2255), Defendants shall either return or destroy all discovery materials subject to this Protective Order and all copies thereof.  If Defendants elect to destroy the copies, they shall submit a certification to the United States attesting that all copies were destroyed, within fourteen (14) days of the destruction of the copies.  Copies of the discovery materials that contain markings constituting attorney work-product need not be returned or destroyed but remain subject to the provisions of this Protective Order.  All discovery materials shall be

kept in the possession of the Party to whom they were produced, except in the limited circumstances described above.

6. This Order shall not prejudice in any way the right of any Party to seek a Court determination: (i) whether discovery material should be produced, or (ii) if produced, whether such material should be subject to the terms of this Order.  Nor shall this order prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any confidential material or information.  This Order also shall not be construed as one that limits any Party's right to conduct a review of or to secure the production of information, materials, or documents.

7. This Order may be modified if the Parties to this Order agree to such modification or if such modification is ordered by the Court.

8. Any Party may at any time move, upon notice to all Parties, for modification of, or other relief from, this Order.

**SO ORDERED:**

Dated this __20th__ day of October, 2020.

*Nannette A. Baker*
NANNETTE A. BAKER
United States Magistrate Judge