IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  S1-4:20-CR-00418-JAR (NAB) |
| v. ) | |
| ) | |
| JAMES TIMOTHY NORMAN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT NORMAN'S MOTION FOR DISCLOSURE OF INFORMATION PURSUANT TO *BRADY* AND *GIGLIO* AND DEFENDANT'S MOTION FOR EARLY PRODUCTION OF JENCKS ACT MATERIAL (DOC #117)**

COMES NOW the Plaintiff, United States of America, by and through its counsel Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and responds to defendant Norman's Motion for Disclosure of Information Pursuant to *Brady* and *Giglio* and Defendant's Motion for Early Production of Jencks Act Material (Doc. #117).

**I.   NORMAN'S REQUEST FOR *BRADY* AND/OR *GIGLIO* MATERIAL, TO THE EXTENT IT MAY EXIST, IS PREMATURE AS THE CASE IS NOT YET SET FOR TRIAL, AND SHOULD BE DENIED WITHOUT HEARING**

It is axiomatic that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97, 10 L. Ed. 2d 215 (1963).  Moreover, "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence

1

affecting credibility falls within this general rule." *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972).  "In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland,* it is the [prosecuting entity] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *United States v. Pou*, 953 F.2d 363, 366 (8th Cir. 1992) (internal citation and quotation omitted).

      The Government is aware of its obligation to disclose exculpatory and/or impeaching information in compliance with *Brady* and *Giglio*. To the extent, however, that Norman asserts he is entitled to *immediate* disclosure of the same, he is in error.  "Under the rule in our circuit *Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Szczerba*, 897 F.3d 929, 941 (8th Cir. 2018) (internal citation and quotation omitted).  *See also United States v. Manthei*, 979 F.2d 124, 127 (8th Cir. 1992) ("The Eighth Circuit has held that *Brady* is only violated if evidence is discovered, *after the trial*, of information which had been known to the prosecution but unknown to the defense.")(emphasis added).  In fact, the United States Court of Appeals for the Eighth Circuit has declined to find *Brady* violations where the Government made disclosures as little as one day prior to trial.  *See United States v. Heppner*, 519 F.3d 744, 750 (8th Cir. 2008) ("None of appellants' *Brady* claims have merit.  The government disclosed the FBI investigation report the day before trial so appellants had the information in time to use it at trial.")  Even "[a] mid-trial disclosure violates *Brady* only if it comes too late for the defense to make use of it." *United States v. Tyndall*, 521 F.3d 877, 882 (8th Cir. 2008) (internal citation omitted).

2

In the instant case, the Court has not yet scheduled a trial date. It will not do so until the completion of pre-trial matters, for which a scheduling order has yet to be set.  Given the complexity of the instant case, it may be many months before the matter is tried.  In the absence of a trial date, the Government submits that it is under no current obligation to disclose *Brady* and/or *Giglio* material.  In point of fact, the Government is unaware of any information that could be reasonably interpreted as "exculpatory" as to Norman.  As a result, the Government would have nothing to disclose even if it were obligated to do so at this time, which as discussed above, it is not.  As to *Giglio* material, the Government has not yet begun to consider what witnesses it might call at trial.  Even assuming, *arguendo*, that the Government had developed its witness list, "in a noncapital case an accused has no constitutional right to require the production of the names and addresses of possible witnesses." *United States v. Cole*, 449 F. 2d 194, 198 (8th Cir. 1971).  As a result, the Government declines at this time to provide Norman with a list of – or any *Giglio* information related to – its as yet-unknown trial witnesses or potential witnesses.  For all of these reasons, Norman's motion should be denied without a hearing.

**II.     NORMAN'S REQUEST REGARDING THE GOVERNMENT'S USE OF INFORMANTS, COOPERATING INDIVIDUALS, AND EARLY *JENCKS* MATERICAL SHOULD BE DENIED WITHOUT HEARING**

Title 18, United States Code, Section 3500 provides, in pertinent part:

> **(a)** In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena [sic], discovery, or inspection *until said witness has testified on direct examination* in the trial of the case.
> **(b)** *After a witness called by the United States has testified on direct examination*, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has

3

> testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C.A. § 3500 (emphasis added). The language of the *Jencks Act* is unambiguous – it imposes upon the Government the obligation to produce a "statement or report … made by a Government witness" only "[a]fter [the] witness called by the United States has testified on direct examination." There simply is no support for any claim that the *Jencks Act* requires more. Specifically, the Eighth Circuit has held repeatedly that "'[a]lthough in many cases the government freely discloses Jencks Act material in advance of trial,' contrary to [defendant's] suggestion . . ., 'the government may not be required to do so." *United States v. Wilson*, 102 F. 3d 968, 971-2 (8th Cir. 1996) (internal citation omitted). *See also United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998) (same). Clearly, these cases stand firmly for the proposition that the Government simply cannot be compelled to disclose *Jencks Act* material in advance of the time proscribed by the act itself.

Further, in keeping with the tradition of the U.S. Attorney's Office for the Eastern District of Missouri, *Jencks* material can be provided one or two weeks ahead of trial in exchange for a list of defense witnesses and defense exhibits. Otherwise, *Jencks* material can be provided the Friday before trial commences.

This Court has previously denied the disclosure of witness identities and early *Jencks* material in cases, as in the present case, where the allegations have involved murder and witness safety was paramount. *See United States v. Johnson, et al*, 4:19-CR-211-RLW (NAB) (Doc. #406, p. 6). In adopting this Court's Report and Recommendations, the District Court held that "[t]he Court is without authority to order disclosure of Jencks Act material earlier than provided for in the Act, 18 U.S.C. § 3500…even though in many cases the Government freely discloses Jencks Act material to the defense in advance of trial." *United States v. Gonzalez, et al*, 4:19-CR-211-

RLW (NAB) (Doc. #438, p. 5-6) *citing United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984) (internal citation omitted).

Defendant Norman does not offer any additional evidence or argument in support of the immediate release of the identities of witnesses or *Jencks* materials. As such, his motion should be denied.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendant Norman's motion for disclosure of *Brady/Giglio* information and motion for early *Jencks* material be denied without a hearing.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

/s/ *Angie E. Danis*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, MO  63102

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2021 I filed the foregoing electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon all counsel of record for the defendant.

/s/ *Angie E. Danis*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys