IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:20-CR-00418 JAR (NAB) |
| ) | |
| JAMES TIMOTHY NORMAN, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPPRESS EVIDENCE**

COMES NOW, Defendant, James Timothy Norman, ("Defendant" or "Norman"), by and through counsel, Joseph M. Hogan, and pursuant to Fed. Rules Crim. Pro. 12(b)(3)(C) moves this honorable Court to suppress all evidence seized in connection with the execution of an arrest warrant and failure to obtain a search warrant in violation of Norman's Fourth Amendment rights under the United States Constitution. In support of his Motion to Suppress, Defendant states as follows:

Facts

On or about August 11, 2020, a criminal complaint was filed in the United States District Court for the Eastern District of Missouri against

1

the defendant James Norman.  On or about August 20, 2020, an indictment was returned in the United States District Court for the Eastern District of Missouri against the defendant James Norman. On or about November 12, 2020, a superseding indictment was returned charging the defendant with Murder for Hire Conspiracy in violation of Title 18, U.S.C. §1958, Murder for Hire in violation of title 18 U.S.C. §1958 & 2, and Wire and Mail Fraud, in violation of Title 18 U.S.C. §1349.  The indictment is based upon an investigation into the death of Andre Montgomery that occurred on March 14, 2016.

It is alleged in the indictment that James Norman obtained a life insurance policy on Andre Montgomery in October of 2014.  The government alleges that Norman unsuccessfully attempted to obtain several other life insurance policies on Andre Montgomery.

On or about March 14, 2016, James Norman flew to St. Louis from Los Angeles per his usual business schedule. While in St. Louis he was in contact with an exotic dancer named Terica Ellis.  Ms. Ellis and Norman had a casual relationship and he they would occasionally see each other.  It is alleged in the indictment that James Norman informed Ellis that Montgomery had stolen approximately $200,000 and he was attempting to retrieve the money.  On that same date, Andre Montgomery was found dead shortly after meeting with Ms. Ellis.  On or between March 15 and

March 17, 2016, Ms. Ellis received a bank deposit in excess of $9000.

On August 17, 2020, Terica Ellis was taken into custody in Olive Branch, Mississippi. A Detention hearing was held in the United States District Court for the Western District of Tennessee (Memphis) in September of 2020. Detective Donald Thurmond with the St. Louis Metropolitan Police Department testified that he participated in an interview of Terica Ellis. (Doc. 58-1) Detective Thurmond gave a summary version of events leading to the arrest of Ms. Ellis. Ms. Ellis told investigators that she met Montgomery while working as a "stripper" at the Bottoms Up Club. She further elaborated upon the alleged involvement of Norman and that she was paid to assist in locating Andre Montgomery.

On or about August 18, 2020, agents arrived at the home of James Norman located at 213 Rampart Street in Ridgeland, Mississippi to execute an arrest warrant upon Mr. Norman. Agents knocked on Norman's door, and upon answering, he was requested to step outside the residence and place his hands behind his back. Norman complied with all requests of the agents. Norman indicated to agents that he wanted to step back in momentarily to obtain his cellular phone. Norman's request was denied and after securing Norman, and after already executing the arrest warrant, agents then entered Norman's home without a warrant or

consent and seized a cellular telephone owned by Norman.

## **MEMORANDUM OF LAW IN SUPPORT**

The defendant's rights under Fourth Amendment were violated when agents unlawfully seized a cellular telephone at his home without a warrant. Here, agents did obtain an arrest warrant, however such warrant did not confer agents with the right to seize evidence. "A valid arrest warrant carries with it the authority to enter the residence of the person named in the warrant so long as the police have a reasonable belief that the suspect resides at the place to be entered and that he is currently present in the dwelling" Payton v. New York, 445 U.S. 573, 603 (1980), United States v. Boyd, 180 F.3d 967, 977 (8th Cir. 1999)  Here, agents were armed with an arrest warrant which failed to confer agents with the right to search and seize anything at the residence other than the body of Norman.

The agents failed to obtain a search warrant to seize evidence as any information to formulate probable cause in the case would have been years old. "Probable cause must exist when a warrant is issued, not merely at some earlier time" United States v. Jeanetta, 533 F.3d 651.  At the time of Norman's arrest, over four years had elapsed since the offense date. Though the lapse in time is not dispositive, cases have looked toward the nature of the crime and whether it was ongoing. United States

4

v. Formaro, 152 F.3d 768, 771 (8th Cir,. 1998)  In the absence of probable cause for a search warrant, a warrant shall not issue.  In addition to a lapse of several years, it is further alleged that Norman had at one point resided in California, and also presently in the Memphis metropolitan area.  Agents were aware that they lacked probable cause to seize any evidence and did not obtain a search warrant.  Probable cause exists only where "there are sufficient facts to justify the belief by a prudent person that contraband or evidence of a crime will be found in the place to be searched. United States v. Bieri, 21 F.3d 811, 818 (8th Cir. 1994); Illinois v. Gates, 462 U.S. 213, 238 (1983).  It is well established that "'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.'" Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) (footnote omitted); United States v. Brooks, 715 F.3d 1069, 1075 (8th Cir. 2013)) Police are generally not allowed, without a warrant, to search digital information on a cell phone seized from an individual who has been arrested.  Riley v. California, 134 S.Ct.2473; 189 L.Ed. 2d 430 (2014).  In the present case, agents with the FBI, executed an arrest warrant at the home of Norman, and unlawfully seized a cellular telephone device.  As such, said evidence seized without a warrant should

5

be excluded as it was unlawfully obtained in violation of Norman's Fourth Amendment rights per the United States Constitution.

"A violation of the Fourth Amendment usually triggers exclusion of evidence 'obtained by way of' the violation from a subsequent criminal prosecution." United States v. Barraza-Maldonado, 732 F.3d 865, 867 (8th Cir. 2013). "The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search.: Murray v. United States, 487 U.S. 533,536-37 (1988). In Wong Sun v. United States, 371 U.S. 471, 484 (1963) the United States Supreme Court articulated that derivative evidence, such as physical evidence, a confession, or the testimony of a witness, must be suppressed as "fruit of the poisonous tree" if it was discovered by exploiting an illegal search. Here, agents obtained a valid arrest warrant but failed to secure a search warrant for Norman's cellular telephone and all evidence flowing forth thereafter should be excluded by this honorable Court.

WHEREFORE for all the foregoing reasons, the Defendant requests that the Court enter an order suppressing evidence obtained as a result of the unlawful search of Norman's home and seizure of a cellular telephone device in violation of his Fourth Amendment rights under the United States Constitution.

        /S/ Joseph M.  Hogan

Joseph M. Hogan 47008MO

Attorney for Defendant

7751 Carondelet Ave. #700

Clayton, MO 63105

(314) 863-9898

jmhogan4090@sbcglobal.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered electronically to:

United States Attorney's Office

111 South 10th Street, 20th Floor

St. Louis, Missouri 63102

This 23rd day of December 2021

    /s/ Joseph M. Hogan