UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-CR-00418-JAR (NAB) |
| JAMES TIMOTHY NORMAN, | ) ) ) ) |
| Defendant. | ) ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (DOC. #183)**

COMES NOW the United States of America, by and through its attorneys Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and for its Response to Defendant's Motion to Suppress Evidence states as follows.

**Procedural and Factual Background**

On or about August 11, 2020, James Timothy Norman (hereinafter "Defendant") was charged by way of Suppressed Criminal Complaint with violations of Title 18, United States Code, Section 1958 (conspiracy to use a facility of interstate commerce in the commission of a murder-for-hire), resulting in the death of Defendant's nephew, Andre Montgomery, on March 14, 2016. In conjunction with the Suppressed Criminal Complaint, an arrest warrant was issued for Norman on August 11, 2020.

On August 18, 2020, agents from the Federal Bureau of Investigation (FBI)-St. Louis Office coordinated with FBI agents in Jackson, Mississippi and police officers with the St. Louis

Metropolitan Police Department to effect the arrest of Norman at his residence located at 213 Rampart Street, Ridgeland, Mississippi.

Approximately 11 law enforcement officers were present to assist in Norman's apprehension. Special Agent Christopher Faber (hereinafter "SA Faber") will testify at the evidentiary hearing that Norman emerged peacefully from his residence and was taken into custody with no resistance. Norman advised that there were no other individuals located in the residence. At the time he was taken into custody, Norman was wearing a T-shirt and athletic shorts. When law enforcement officers searched Norman incident to his arrest, a cellular telephone was located in the pocket of his shorts. Norman then signed a property receipt acknowledging that SA Faber had seized said cellular telephone from him, which is attached as <u>Exhibit 1</u> to this response. No other items were seized from Norman. SA Faber will testify that no member of the arrest team ever entered Norman's residence, nor did they acquire any evidence therein.

The Government will offer further evidence in support of SA Faber's testimony. Following his arrest, Norman was confined in the Jackson County jail until he was transferred to Missouri. Norman made multiple phone calls that were recorded via the jail's call monitoring system. In a call made to an unidentified male on August 24, 2020, Norman stated the following beginning at the 4:20 timestamp:

> "…they bang on the door, I open it, there's seven motherfuckers with machine guns pointed in my face. They take me in man. I ain't got nothing but my gym shorts, my fucking phone, and a tank top on…"

In another recorded call on August 24, 2020 to an unidentified female, Norman stated the following beginning at the 2:30 timestamp:

> "I ain't even had enough time to fucking turn my phone on live or record, none of that shit. Just hands up. So they just took me. I had on my gym shorts, my fucking tank top, and my phone, and my flip-flops. They fucking just took me."

2

The Government intends to offer transcripts of these two calls in addition to the audio recordings themselves at the evidentiary hearing in support of SA Faber's testimony.

On September 2, 2020, SA Faber applied for and was granted a search warrant for the contents of Norman's cellular telephone. The search warrant was signed by the Honorable John M. Bodenhausen under cause number 4:20 MJ 1182 JMB. A subsequent search yielded incriminating evidence against Norman and his co-conspirators, which is the subject of Norman's motion to suppress.

## **Legal Argument**

Norman's invocation of the exclusionary rule as to the results of a search of his cellular device is based solely on its alleged unlawful *seizure*. However, Norman has no evidence that the seizure of his cellular telephone occurred in any other manner than that described above, and as SA Faber will testify to at the Evidentiary Hearing. Norman cannot produce any credible evidence to support his contentions that law enforcement agents searched his residence upon his arrest on August 18, 2020. As the evidence will demonstrate, Norman's cellular telephone was located in his pocket during a search incident to his lawful arrest.

"When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *United States v. Robinson*, 414 U.S. 218, 226 (1973) (*quoting Chimel v. California*, 395 U.S. 752, 762-763 (1969)); *see also United States v. Mendoza*, 421 F.3d 663, 668 (8th Cir. 2005) (affirming as lawful

the search of the defendant's person and seizure of his cellular phone as a valid search incident to a lawful arrest) (citing *United States v. Oakley*, 153 F.3d 696, 698 (8th Cir.1998)).

The justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial. *Agnello v. United States*, 269 U.S. 20 (1925); *Abel v. United States*, 362 U.S. 217 (1960).

## Conclusion

WHEREFORE, as the overwhelming weight of the evidence establishes that Norman's cellular telephone was lawfully seized, and a search warrant was obtained to examine the contents of said cellular telephone, Defendant's Motion to Suppress should be denied. The Government respectfully requests this Court enter an Order consistent with the foregoing.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
Angie.Danis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2022, I filed a true and correct copy of the foregoing electronically with the Clerk of the Court, to be served by way of the Court's electronic filing system upon the attorneys for the defendant.

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney