UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  4:20-CR-00418-JAR (NAB) |
| | ) |
| JAMES TIMOTHY NORMAN, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT DEFENDANT NORMAN FROM CALLING DETECTIVE DAVID RUDOLPH AT AN EVIDENTIARY HEARING FOR THE SOLE PURPOSE OF IMPEACHMENT**

COMES NOW the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and for its Motion *in Limine* to Prohibit Defendant Norman from calling Detective David Rudolph as an Evidentiary Hearing Witness for the Sole Purpose of Impeachment, the Government States as follows.

On December 23, 2021, Defendant Norman filed a Motion to Suppress Evidence, with the sole issue involving the *seizure* of Norman's cellular telephone on August 18, 2021, the date of Norman's arrest on charges for Conspiracy to Commit a Murder-for-Hire.

Special Agent Christopher Faber from the Federal Bureau of Investigation (FBI) will testify that he seized Norman's cellular telephone from Norman's the pocket of Norman's during a search incident to arrest. Special Agent Faber then obtained a search warrant for the contents of Norman's cellular telephone and conveyed the phone to the Cybercrimes Division of the St. Louis Metropolitan Police Department (SLMPD), where a forensic examination was completed.

On March 1, 2022, SLMPD Homicide Detective David Rudolph was served with a subpoena from counsel for Defendant Norman.  Detective Rudolph did not witness the seizure of Norman's cellular telephone on August 18, 2021, and only came into contact with Norman after he had been secured in custody and searched by Special Agent Faber.  As such, Detective Rudolph would have no relevant testimony to provide regarding the seizure of Norman's cellular telephone, the sole basis of the pending Motion to Suppress.

As he has no relevant testimony regarding the seizure of Norman's cellular device, the Government can only surmise that the sole purpose in Defendant Norman calling Detective Rudolph to testify at the Evidentiary Hearing would be to impeach Detective Rudolph with allegations stemming from lawsuit filed in 2015 against Detective Rudolph and others.

**A. Law Regarding Impeachment of One's Own Witness**

It is improper to call a witness for the sole purpose of getting otherwise inadmissible evidence before the jury or judge in the guise of impeachment.  *United States v. Buffalo*, 358 F.3d 519, 523 (8th Cir. 2004).  Although Rule 607 allows a party to impeach his own witness, "(c)ourts must be watchful that impeachment is not used as a subterfuge to place otherwise inadmissible hearsay before the jury."  *United States v. Fay*, 668 F.2d 375, 379 (8th Cir. 1981); Fed. R. Evid. 607; *quoting United States v. Rogers,* 549 F.2d 490, 497 (8th Cir. 1976); *citing United States v. Morlang*, 531 F.2d 183, 189 (4th Cir. 1975) (holding "[I]t has never been the rule that a party may call a witness where his testimony is known to be adverse for the purpose of impeaching him."). This type of evidence is also impermissible under Federal Rule of Evidence 404(a) and does not fall within the exceptions set forth in Federal Rules of Evidence 607, 608 or 609.  While the Rules of Evidence may not apply in evidentiary hearings, the Court has wide discretion in determining

2

what does or does not come in; if this were not the case, no objection lodged during evidentiary hearings would ever be sustained.

### B. Background Regarding Detective Rudolph

In 2015, Detective Rudolph was named in a lawsuit that alleged various Constitutional rights violations on behalf of a robbery suspect. This lawsuit was brought before District Court Judge John A. Ross of the Eastern District of Missouri under cause number 4:15-CV-01315-JAR. One of the allegations brought forth during the lawsuit was that Detective Rudolph and others intentionally destroyed a cellular telephone that may contain exculpatory evidence and that they willfully ignored evidence of the robbery suspect's innocence in pursuit of their investigation. *McCay v. City of St. Louis*, 960 F.3d 1094, 1099 (8th Cir. 2020). As evidenced by Judge Ross's granting of Detective Rudolph's Motion for Summary Judgment, which was affirmed on appeal, these allegations were without evidence or merit. As noted by the Court of Appeals, "McCay concede[d] there [was] no evidence that Doe's phone was intentionally destroyed, let alone destroyed in bad faith by or on behalf of the Police Defendants." *Id*. at 1100. Judge Ross's original order granting summary judgment on behalf of Detective Rudolph and several other defendants in said lawsuit is attached as Exhibit 1 to this motion, and the appellate decision affirming Judge Ross's Order is attached as Exhibit 2.

### C. Argument

Admittedly, counsel for the Government cannot be certain that this is the intended line of questioning for Detective Rudolph, as counsel for Defendant Norman, who subpoenaed Detective Rudolph for purposes of this Evidentiary Hearing, has not indicated why he intends to offer Detective Rudolph's testimony. However, as Detective Rudolph was not involved in the seizure of Defendant Norman's cellular telephone, which is the only issue before this Court for purposes

of the Evidentiary Hearing, the Government can surmise that their intention is solely to impeach Detective Rudolph's character.

WHEREFORE, the United States of America respectfully requests that this Court enter an Order *in limine* consistent with the foregoing, and prohibit Defendant Norman from calling Detective David Rudolph as a witness for the sole purposes of impeaching him.

    Respectfully submitted,

    SAYLER A. FLEMING
    United States Attorney

    /s/ *Angie E. Danis*
    ANGIE E. DANIS
    GWENDOLYN E. CARROLL
    Assistant United States Attorneys
    111 South Tenth Street, 20th Floor
    Saint Louis, Missouri 63102
    (314) 539-2200
    Angie.Danis@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 24, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties and counsel of record.

    /s/ *Angie E. Danis*
    ANGIE E. DANIS, #64805MO
    GWENDOLYN E. CARROLL, #4657003NY