IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 4:20-cr-00418-JAR |
| ) | Honorable Judge John A. Ross |
| JAMES TIMOTHY NORMAN, ) | Hearing Requested |
| *et. al.*, ) | |
| Defendants. ) | |

**DEFENDANT NORMAN'S MOTION TO COMPEL THE GOVERNMENT
TO PRODUCE JENCKS MATERIALS ON OR BEFORE AUGUST 2, 2022**

Defendant, Mr. Norman, by and through his undersigned counsel, respectfully moves this Court for the entry of an Order requiring the Government to produce Jencks materials on or before August 2, 2022, and states as follows:

1. Counsel for Mr. Norman conferred with counsel for the Government on July 21, 2022 regarding the subject matter of this Motion in an attempt to reach resolution without the necessity of filing the present Motion. The parties were unable to reach resolution.

2. In the present case, the Government has agreed to produce *Giglio* materials on or about August 2, 2022.

3. However, the Government refuses to produce to defense counsel Jencks materials on that same schedule.

4. Instead, the Government will only agree to produce Jencks materials 10 days prior to trial.

5. The reason proffered by the Government in support of the production of those materials on that schedule (i.e., not until 10 days prior to trial) is that it is a purported safeguard against witness intimidation or witness tampering by Mr. Norman. The Government did not provide any alleged example of Mr. Norman previously engaging in any such conduct.

6. Even if the Government possessed any such evidence, this alleged concern would not be obviated by the production of the *Jencks* materials 10 days prior to trial. In other words, the same alleged danger would still exist. *See also United States v. Coles,* 511 F.Supp.3d 578 (M.D. Pa. 2021) (court ordered production of Jencks materials thirty days prior to trial, stating: "[W]e recognize that defendants would like to have this material even earlier. But in a criminal prosecution of this nature—*involving allegations that certain defendants murdered federal witnesses*, and that others attempted to murder a coconspirator suspected to be cooperating in the underlying murder investigation—we must balance defendants' desire for advance disclosure with the government's legitimate interest in protecting its witnesses") (emphasis added).

7. In any event, this alleged concern could also be wholly cured by producing the Jencks materials to Mr. Norman's *counsel* on August 2, 2022, and then requiring Mr. Norman's counsel to wait until 10 days prior to trial to provide those same documents to Mr. Norman.

8. The refusal of the Government to produce the Jencks materials at the same time as the *Giglio* materials will only serve to further provide the Government with a tactical advantage in terms of trial preparation. Indeed, the Government has likely been in possession of the Jencks materials for months and possibly even years – particularly in light of the date of the occurrences at issue.

9. There is simply no reason to allow the Government to continue to withhold such materials, and thus deny Mr. Norman and his counsel a full and legitimate opportunity to meaningfully investigate and prepare for trial. This is particularly true where, as here, this case involves multiple Defendants, dozens of witness, and is complex.

10. Moreover, the withholding of the Jencks materials until essentially the eve of trial may result in Mr. Norman and his counsel requesting a continuance to allow a full and meaningful investigation of those materials.

11. There is simply nothing unique about the request in the present case by way of this Motion by Defendant and his counsel for more timely production of Jencks materials.

12. Indeed, the Government often *agrees* to the production of Jencks materials on the very type of schedule sought by way of this Motion. *See, e.g., United States v. Burkhlater*, No. 18-00036-01-/02-CR-W-BCW, 2021 WL 4847992 (W.D. Mo., Oct. 18, 2021) (District Court accepting "the government's offer to provide the defendants with all Jencks materials thirty days prior to trial"); *see also United States v. Coles,* 511 F.Supp.3d 566, 578 (M.D. Pa. 2021); (government agreed to disclose Jencks material thirty days before trial); *United States v. Lujan*, 530 F.Supp.2d 1224, 1254 (D.N.M. 2008).

**WHEREFORE**, Defendant, Mr. Norman, by and through his undersigned counsel, requests the entry of an Order requiring the Government to produce all Jencks materials to Mr. Norman's counsel on or before August 2, 2022, and for such other and further relief as is appropriate under the circumstances.

**Respectfully submitted,**

**By:**   */s/ Michael I. Leonard*
Michael I. Leonard
Leonard Trial Lawyers LLC
120 N. LaSalle Street, Suite 200
Chicago, IL 60602
(312) 380-6559 (phone)
(312)264-0671 (fax)
mleonard@leonardtriallawyers.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that, on July 22, 2022, he caused to be filed and served on all counsel of record, the foregoing document, using this Court's ecf filing system.

**Respectfully submitted,**

**By:**   */s/ Michael I. Leonard*
Michael I. Leonard
Leonard Trial Lawyers LLC
120 N. LaSalle Street, Suite 200
Chicago, IL 60602
(312)380-6559 (phone)
(312)264-0671 (fax)
mleonard@leonardtriallawyers.com

The Gloria Law Group
Gloria V. Rodriguez
9 N County Lane
Suite 102
Waukegan, IL 60085-8104
(847)672-8888 (phone)
(312)277-3384 (fax)