UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1-4:20-CR-00418-JAR |
| | ) |
| JAMES TIMOTHY NORMAN, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE SELF-AUTHENTICATING DOCUMENTS PURSUANT TO RULE 902**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and hereby gives notice that it intends to introduce evidence pursuant to Fed. R. Evid. 902.

The Federal Rules of Evidence allow for certain certified and business records to be admitted in evidence at trial without a custodian of records testifying about their authenticity. As relevant here, Federal Rule of Evidence 902 reads as follows:

> **(1) Domestic Public Documents That Are Sealed and Signed. A document that bears:**
> **(A)** a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and
> **(B)** a signature purporting to be an execution or attestation.
>
> **(2) Domestic Public Documents That Are Not Sealed but Are Signed and Certified.** A document that bears no seal if:
>
> **(A)** it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and

1

**(B)** another public officer who has a seal and official duties within that same entity certifies under seal--or its equivalent--that the signer has the official capacity and that the signature is genuine.

…

**(4) Certified Copies of Public Records.** A copy of an official record--or a copy of a document that was recorded or filed in a public office as authorized by law--if the copy is certified as correct by:

**(A)** the custodian or another person authorized to make the certification; or
**(B)** a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court.

. . .

**(8) Acknowledged Documents.** A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments.

**(9) Commercial Paper and Related Documents.** Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law.

. . .

**(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

…

**(13) Certified Records Generated by an Electronic Process or System.** A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).

**(14) Certified Data Copied from an Electronic Device, Storage Medium, or File.** Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902.

Pursuant to Rule 902(11), to the extent necessary, the United States hereby gives written notice of its intention to introduce evidence the following evidence:

1. **AT&T toll and location records**, previously provided to the defense, for the following telephone numbers:

   a. (209) 822-0081
   b. (314) 607-8132
   c. (573) 263-6102
   d. (314) 609-4415
   e. (901) 691-3277
   f. (314) 570-4696
   g. (314) 606-6960
   h. (314) 714-0616
   i. (314) 606-6960

2. **Sprint/T-Mobile toll records**, previously provided to the defense, for the following telephone numbers:

   a. (314) 587-9535

3. **Verizon toll records**, previously provided to the defense, for the following telephone numbers:

   a. (314) 502-7892
   b. (314) 882-2501

4. **American Airlines records**, previously provided to the defense.

5. **Southwest Airlines records**, previously provided to the defense.

6. **Delta Airlines records**, previously provided to the defense.

7. **United Airlines records**, previously provided to the defense.

8. **Priceline.com records**, previously provided to the defense.

9. **Google records**, previously provided to the defense, for the following accounts:

3

      a. tericaellis@gmail.com

      b. DJBeatz27@gmail.com

      c. quiloco89@gmail.com

10. **Facebook/Instagram records**, previously provided to the defense, for the following accounts:

      a. dremontgomery

      b. Alexusdagreat

      c. the_timnorman

11. **911 dispatch recordings and records**, to be provided to the defense in conjunction with Jencks Act disclosure.

12. **First Horizon Bank records**, previously provided to the defense, for the accounts of Terica Ellis.

13. **US Bank records,** previously provided to the defense, for the following account:

      a. James T. Norman, account ending in 7746.

14. **Bank of America records**, previously provided to the defense, for the following account:

      a. Sweetie Pies Hollywood, account ending in 9680.

      b. Sweetie Pies Kitchen, account ending in 0370.

15. **The Independent Order of Foresters records**, previously provided to the defense.

16. **Americo records**, previously provided to the defense.

17. **People's Family of Corporations records**, previously provided to the defense.

18. **Westlake Housing Madison Property Rental Records & Employment Verification**, previously provided to the defense.

19. **People's Family of Corporations patient records** of Andre Montgomery, previously provided to the defense.

20. **Barnes Jewish Hospital patient record** of Andre Montgomery, previously provided to the defense.

21. **Royal Neighbors of America records** previously provided to the defense.

22. **Liberty Banker Life Insurance records** previously provided to the defense.

23. **United of Omaha records**, previously provided to the defense.

24. **VitalCheck records**, previously provided to the defense.

## Conclusion

To the aforementioned records are admissible under any subsection of Fed. R. Evid. 902 that would require notice pursuant to Fed. R. Evid. 902(11), the foregoing serves as such notice of the United States' intent to admit the aforementioned self-authenticating records.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200
Angie.Danis@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on July 26, 2022, the foregoing was served upon all counsel of record.

              *s*/Gwendolyn E. Carroll
              GWENDOLYN E. CARROLL #4657003NY
              ANGIE E. DANIS, #64805MO
              Assistant United States Attorney