IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. S1-4:20-CR-00418-JAR |
| v. | ) |
| | ) |
| JAMES TIMOTHY NORMAN, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY DISCLOSURE OF *JENCKS***

On July 22, 2022, Defendant James Timothy Norman ("Defendant Norman") filed a motion seeking disclosure of early *Jencks* materials by August 2, 2022. The United States opposes the motion and in support, states as follows:

**I.     The United States Has Already Agreed to Comply With, and Exceed, the Disclosure Obligations Mandated by Statute.**

In communications with counsel for Defendant Norman, the United States has offered to produce Jencks materials 10 days prior to trial, well in advance of the Eastern District of Missouri convention of providing Jencks material the Friday prior to the commencement of trial. In his July 22, 2022 motion, Defendant Norman seeks production of Jencks materials by August 2, 2022, more than a month in advance of trial, and refers to the United States' willingness to provide Jencks materials *10 days in advance of trial* as "essentially on the eve of trial," and indicates that Defendant Norman "may" have to file a motion for continuance if the materials are not provided on the timeline he has requested. Doc. No. 232 at 3. The United States has already agreed to provide Jencks disclosures well in advance of the statutorily mandated time frame.

1

Title 18, United States Code, Section 3500 provides, in pertinent part:

> **(a)** In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection *until said witness has testified on direct examination* in the trial of the case.
>
> **(b)** *After a witness called by the United States has testified on direct examination*, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C.A. § 3500 (emphasis added). *See also* Fed.R.Crim.P. 26.2(a). The language of the Jencks Act is unambiguous – it imposes upon the government the obligation to produce a "statement or report … made by a Government witness" only "[a]fter [the] witness called by the United States has testified on direct examination." There simply is no support for any claim that the Jencks Act requires more.

Defendant Norman suggests that 10 days advance Jencks disclosure is insufficient enable Defendant Norman to have a "full and legitimate opportunity to meaningfully investigate and prepare for trial." Doc. No. 232 at 2. First, 10 days in advance of trial provides Defendant Norman with more than sufficient time to contact and interview any witnesses identified in the Jencks materials. But second, Defendant Norman has already been provided with police reports that identify the crime scene witnesses by name. (Discovery Production 2, Bates No. Ellis_Norman 0008849 – Ellis_Norman 0008894). Defendant Norman already has much of the information that should enable him to engage in meaningful investigative steps to prepare for trial. In short, the United States has not only met, but exceeded, its disclosure obligations under 18 U.S.C. § 3500,

2

and Defendant Norman cannot credibly claim any prejudice from a Jencks disclosure 10 days in advance of trial.

### II. Neither Precedent Nor Statute Support Defendant Norman's Request for Early Jencks.

Defendant Norman cites no statute, Federal Rule, Eighth Circuit or Eastern District of Missouri case supporting this request. Indeed, courts in the Eastern District of Missouri have repeatedly denied motions to compel the United States to make Jencks disclosures in advance of the timing expressly set forth in 18 U.S.C. § 3500. In *United States v. Streeter*, Judge White held that "[a]s to Jencks Act material, the Government is not required to disclose the statements of its witnesses prior to their testimony on direct examination at trial of the case. The Court is *without authority* to order disclosure of Jencks Act materials earlier than provided for in the Act[.]" No. 4:19-CR-211 RLW (E.D.M.O. January 4, 2022), Doc. No. 865 at 5 (citing, *inter alia*, 18 U.S.C. § 3500(a); Fed. R. Crim. P. 26.2(a) (prior statements of witnesses who testified must be disclosed, on motion, after their direct examination); *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984)). *See also Streeter*, Doc. No. 406 at 6, 8-9 (denying additional defendants' motions for early disclosure of Jencks, reasoning that "[t]he Government states it will provide Jencks material to the defendants on the Friday before trial. Given the allegations of violence in this matter…to the extent that Defendants' motions seek early disclosure of Jencks material, the motions are denied.").

Similarly, in *United States v. Caldwell*, the Magistrate Judge Collins denied the defendant's motion to compel the United States to disclose Jencks materials in advance of the statutorily mandated timeframe, observing that "Rule 26.2(a), Fed. R. Crim. P., provides that prior statements of witnesses who testified must be disclosed, on motion, after their direct examination. Defendant's motion to compel early disclosure of statements should be denied. The parties are encouraged to disclose such materials no later than the Friday before trial." No. 4:19-cr-00961 SRC-NCC (E.D.M.O.

3

March 18, 2021), Doc. No. 475 at 3-4, *Report and Recommendation adopted*, Doc. No. 482 (April 6, 2021).

Further, the Eighth Circuit has held repeatedly that " '[a]lthough in many cases the government freely discloses Jencks Act material in advance of trial,' contrary to [defendant's] suggestion . . . , the government may not be required to do so." *United States v. Wilson*, 102 F. 3d 968, 971-2 (8th Cir. 1996) (internal citation omitted). *See also United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998) (same). These cases stand firmly for the proposition that the government simply cannot be compelled to disclose Jencks Act material in advance of the time proscribed by the act itself.

Defendant Norman fails to articulate any specific prejudice he will experience as a result of Jencks disclosures 10 days in advance of trial. Instead, Defendant Norman seems to place the burden on the United States to establish its reasons for not disclosing Jencks materials on the timeline requested by Defendant Norman. This analysis fundamentally misconstrues the disclosure obligations of the United States. The United States is not required to disclosure Jencks materials until the testifying witness has completed his or her direct examination. The United States does not have to make a showing of necessity, or burden, or prejudice caused by early disclosures in order to support its timing of Jencks disclosures. However, the United States has offered to disclose Jencks materials not only well in advance of the statutory deadline, but also well in advance of the Eastern District of Missouri practice of Friday before trial disclosures. The United States has already agreed to provide Defendant Norman with Jencks 10 days in advance of trial, and Defendant Norman has failed to articulate any specific prejudice that timing creates.

### III. There is No Need for a Hearing in this Matter.

As described above, the law governing the timing of Jencks disclosures is both settled and clear. The United States has already represented that it will comply with its legal disclosure

4

obligations, and Defendant Norman has cited no precedent that would require disclosures in advance of the already early timeframe proposed by the United States. There are no issues requiring witness testimony, or the need to develop information not already in the record. This motion can be decided on the law and on the briefings the parties have already submitted. For that reason, and in the interest of conserving the time and resources of both the Court and the parties, the United States respectfully suggests that a hearing on this matter is not required in order to resolve the issue.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court **DENY** Defendant Norman's Motion for Disclosure of Jencks materials by August 2, 2022.

> Respectfully submitted,
>
> SAYLER A. FLEMING
> UNITED STATES ATTORNEY
>
> /s/  *Gwendolyn E. Carroll*
> ANGIE E. DANIS, #64805MO
> GWENDOLYN E. CARROLL, #4657003NY
> Assistant United States Attorneys
> 111 S. 10th Street, 20th Floor
> St. Louis, MO  63102

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, the undersigned filed the foregoing electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon all counsel of record.

> */s/ Gwendolyn E. Carroll*