IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. S1-4:20-CR-00418-JAR |
| v. | ) | |
| | ) | |
| JAMES TIMOTHY NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR RULE 15 DEPOSITION
AND REQUEST FOR EXPEDITED HEARING**

COMES NOW the United States, by and through its attorney, United States Attorney Sayler A. Fleming, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys, and respectfully moves this Court for an order permitting the United States to conduct a video deposition of a material witness, former medical examiner Dr. Jane Turner, who performed the autopsy of victim Andre Montgomery, pursuant to Federal Rule of Criminal Procedure 15(a)(1).  In support of this Motion, the United States asserts as follows:

**I.      Background**

Trial in the above-captioned matter is set for September 6, 2022.  The United States intends to call as a witness at trial former St. Louis City Medical Examiner Dr. Jane Turner, who performed the autopsy of victim Andre Montgomery, the victim of the murder-for-hire alleged in the Superseding Indictment in this matter.  The United States has learned that Dr. Turner is unavailable from September 6 through September 12, 2022 because of a previously scheduled personal commitment.  On July 22, 2022, counsel for the United States conferred with counsel for Defendant Norman, and informed Defendant Norman's counsel of Dr. Turner's unavailability and

proposed a Rule 15 deposition, and indicated that Dr. Turner was available on August 15, 16, 29, 30, or 31.  In a series of subsequent communications, counsel for Defendant Norman indicated that they were available on August 15, 2022, but stated that they would only consent to a Rule 15 deposition if the United States would agree "that if [counsel for Defendant Norman] likewise have a witness availability issue, then the Govt. would similarly agree to a Rule 15 deposition."

Counsel for Defendant Norman was unable to provide any information regarding the identity of the witnesses to be included in a reciprocal Rule 15 deposition agreement, and stated that they did not at present have any witnesses who required a Rule 15 deposition, rather than appearing at trial.  Despite being unable to identify any defense witnesses who are at present unavailable for testimony at the time of trial, counsel for Defendant Norman maintained the position that Defendant Norman would not consent to a Rule 15 deposition of Dr. Turner without a blanket reciprocal agreement from the United States to consent to Rule 15 depositions of any witnesses Defendant Norman might later identify.

Because the parties were unable to reach an agreement as to the Rule 15 deposition of Dr. Turner, the United States alternatively proposed that the parties reach a stipulation as to the uncontested facts that would be established by Dr. Turner's testimony and sent counsel for Defendant Norman an outline of the proposed stipulation.  Defendant Norman was unwilling to agree to a stipulation as to Dr. Turner's testimony and indicated that he required examination of Dr. Turner.

Because Dr. Turner is unavailable at the time of trial, her testimony is material to this matter, and the parties have been unable to achieve a stipulation as to the uncontested facts in this matter, exceptional circumstances support the United States' request for a Rule 15 deposition of Dr. Turner.

2

## II.     Legal Standard

Federal Rule of Criminal Procedure 15 allows for a party to depose a witness when exceptional circumstances exist and when it is in the interest of justice. Fed. R. Crim. P. 15(a)(1); *see also United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977) ("depositions in criminal cases are governed by Rule 15(a) and…the Rule's principal objective is the preservation of evidence for use at trial").  The Eighth Circuit has determined that "[t]o establish exceptional circumstances under Rule 15(a), 'the moving party must show the witness's unavailability and the materiality of the witness's testimony.' "  *United States v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007) (quoting *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006).[1]  *See, e.g.*, *United States v. Terrazas-Montano*, 747 F.2d 467, 469 (8th Cir. 1984) (finding "exceptional circumstances" in authorizing the deposition of four witnesses who engaged in a ten-day hunger strike and were found to be suffering ill effects); *United States v. Hobbs*, 4:20-cr-00557-HEA (E.D.M.O. June 9, 2022), Doc. No. 490 (granting motion for Rule 15 deposition where witness's medical condition and age made travelling to the courthouse for trial a hardship).  Here, Dr. Turner is unavailable at the time of trial and her testimony is material.

## III.    Because Dr. Turner is Unavailable, and Her Testimony is Material, the Interests of Justice are Served by a Rule 15 Deposition.

The United States submits that Dr. Turner has long-scheduled plans to travel out of the Eastern District of Missouri for her son's wedding and thus will be unavailable for trial from September 7 through September 12.  Dr. Turner's plans were in place well before the trial in this

---

[1] *But see United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) ("The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied.") (internal quotation marks and citations omitted).  As the Ninth Circuit has emphasized, "Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case." *Id.*  Rather, the rule "only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *Id.*

matter was set for September 6, 2022.  In contacting witnesses to make arrangements for trial testimony, the United States learned that Dr. Turner was unavailable during the time period that the United States anticipates presenting its case in chief.  The United States has satisfied the showing of unavailability within the meaning of Rule 15 and Eighth Circuit precedent.

As to the showing of materiality, the United States anticipates that the testimony of Dr. Turner would establish the following facts:

1.      On March 15, 2016, Dr. Jane Turner conducted a post-mortem pathologist's examination (autopsy) on Andre Montgomery on March 15, 2016.

2.      Dr. Turner determined that at the time of the autopsy, Andre Montgomery's height was 5'10 and his weight was 223 pounds.

3.      Dr. Turner identified a thoracoabdominal gunshot wound in Andre Montgomery, and recovered a bullet from that wound, which she placed in evidence.

4.      Dr. Turner identified a gunshot wound in Andrew Montgomery's abdomen.

5.      Dr. Turner identified two gunshot wounds in Andre Montgomery's right upper extremity.  Dr. Turner recovered a bullet from Andre Montgomery's right upper arm, and placed the bullet in evidence.

6.      Dr. Turner concluded that the cause of death was a thoracoabdominal gunshot wound.

7.      Dr. Turner concluded that the manner of death was homicide.

Because Defendant Norman has been charged, *inter alia*, with murder-for-hire and conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958.  In order to sustain the substantive murder-for-hire count of the Superseding Indictment, the United States must establish:

*One*, that a person at or about the time charged in the Indictment used or caused another to use any facility of interstate commerce; and

*Two*, that the use of any interstate facility was done with the intent that a murder be committed in violation of the laws of the State of Missouri; and

*Three*, that anything of pecuniary value was received or promised or agreed to be paid as consideration for the murder; and

*Four*, the death of Andre Montgomery resulted.

that the death of Andre Montgomery resulted from the

The United States submits that the testimony of the medical examiner who determined that the cause of death of Andre Montgomery, the victim in this matter, was a gunshot wound and that the manner of death was homicide is material to establishing the violation of 18 U.S.C. § 1958. Thus, the United States has made the requisite showing both of the witness's unavailability, and of the materiality of her testimony.

### IV.    Request for Expedited Ruling or Hearing

As indicated above, both the parties and the proposed witness are available on August 15, 2022 for a Rule 15 deposition.  Indeed, Defendant Norman indicated his willingness to consent to a Rule 15 deposition of Dr. Turner, but conditioned that consent on a blanket reciprocal consent from the United States to Rule 15 depositions for an unidentified universe of hypothetical witnesses.  Thus, Defendant Norman's opposition to the present motion does not appear grounded in any concern about any potentially prejudicial impact of a Rule 15 deposition, or a dispute as to the United States' basis for seeking a Rule 15 deposition.  Further, the subject matter of Dr. Turner's testimony is not, to the United States' knowledge, in dispute.  The United States is not aware of any disagreement by the parties as to the cause or manner of death of Andre Montgomery.

Because the only date on which all parties and the witness are available is August 15, 2022, the United States requests an expedited hearing on this matter to enable the United States to make the necessary arrangements to conduct the Rule 15 deposition, should the Court grant the United States' Motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court **GRANT** the United States Motion for Rule 15 deposition, or, should the Court require argument, the United States respectfully requests that this Court order an expedited hearing on the present motion.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

/s/  *Gwendolyn E. Carroll*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, MO  63102

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2022, the undersigned filed the foregoing electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon all counsel of record.

*/s/ Gwendolyn E. Carroll*