UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. S1-4:20-CR-00418-JAR |
| ) | |
| v. ) | |
| ) | |
| JAMES TIMOTHY NORMAN, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' NOTICE OF EXPERT WITNESSES PURSUANT TO
RULE 16(a)(1)(G) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

COMES NOW, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and hereby gives notice of Expert Witness Testimony Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure ("Notice") that the below list of individuals may be called as witnesses at trial. In filing this Notice, the United States does not represent that it will be calling all of these individuals as witnesses, nor that each of these individuals would offering expert testimony within the meaning of Rules 701 and 702[1]. In abundance of caution, the United Sates offers notice of the following witnesses: (1) FBI Special Agent Bastian Freund; (2) Emily Yim (Matthews), Crime Scene Examiner; (3) Jessica Cochran, Latent Print Examiner; (4) Erik Hall, Criminalist; (5) Pamela Larkin, Criminalist; (6) Erin Duke, Combined DNA Index System (CODIS) Administrator; (7)

---

[1] The United States submits that not all of this testimony is subject to the disclosure rules regarding expert testimony. Officer Emily Matthews (Yim) and Officer Erik Hall will be testifying primarily in the capacity of evidence custodians, without offering an opinion or interpretation based on scientific facts or data. However, the United States is including Officers Yim and Hall in this notice in order to ensure Defendant Norman is aware of any arguably expert testimony. The United States is in the process of obtaining the CV of Officer Hall, and will disclose the same to Defendant Norman.

1

Dr. Jane Turner, Medical Examiner; (8) Julie Davis, Firearms Examiner; (9) Detective David Wilferd, Digital Evidence Examiner and (10) Detective Brooks Lindhorst, Digital Evidence Examiner.  The United States has provided to the defense the reports and, to the extent appliable, accompanying lab files relating to the proposed expert testimony, as well as the Curriculum Vitaes ("CV") of each of the proposed experts.[2]  The United States submits that each of these individuals will assist the jury's understanding of the case.

1. **Special Agent Bastian Freund**

The United States intends to introduce evidence through the testimony of Federal Bureau of Investigation ("FBI") Special Agent Bastian Freund.  Special Agent Freund is a certified member of the Cellular Analysis Survey Team ("CAST").  Special Agent Freund will testify as to the analysis done on the cellular telephone records and Google accounts utilized by Norman, his co-conspirators, and his associates in furtherance of the crimes charged in the Superseding Indictment.  The analysis and agent's testimony will include background, methodology, and technical information related to cell site locations and conclusions based on the data, all within the context of the dates and times associated with the murder-for-hire committed in this case.

Special Agent Freund prepared a report which summarizes his findings and includes, *inter alia*, information related to technology, sectors, orientation of towers, mapping illustrations, and mapping of cellular tower data as well as location data collected by Google within the context of the actions undertaken in the charged murder-for-hire.  Special Agent Freund will testify as to the cell sites and sectors used during the time period of the events in murder-for-hire conspiracy, as well as the general location of the cellular telephones used by the conspirators.  The United States has disclosed Special Agent Freund's expert report and CV to the defendant.

---

2. The United States has recently obtained and will provide the CV of Criminalist Erik Hall Discovery Production 9.

Special Agent Freund will testify as to his training and experience, specifically, that he has been a Special Agent since 2003.  Special Agent Freund is currently assigned to the FBI St. Louis Division, Violent Crimes Task Force. Special Agent Freund has been working in the cellular field since 2007 and has been a certified member of FBI CAST since 2015. Special Agent Freund has received over 800 hours of training in cellular networking, radio frequency technology, and historic cellular records interpretation.  Special Agent Freund, through his training and case experience, has successfully used cellular telephone analysis to locate fugitives, locate individuals in need of assistance, obtain previously undiscovered evidence, recover missing children, and historically shown the locations of cell phones as they relate to various crimes at trial. Special Agent Freund's analyses have also been used to corroborate alibies and eliminate suspects.  Special Agent Freund has offered expert testimony in at least 10 previous trials, and has also served as a CAST instructor.

**2. Officer Emily Yim (Matthews), Crime Scene Examiner/Evidence Technician**

The United States intends to call St. Louis Metropolitan Police Officer ("SLMPD") Emily Yim (Matthews), who has been employed as a SLMPD Police Officer since 2002.  Officer Yim will testify as to her observations of the Andre Montgomery crime scene, photographic images she took of the crime scene, and the evidence she collected at the scene, as described in detail in her previously disclosed report.  The ballistics evidence about which Officer Yim will testify includes one bullet collected from under the dining room table inside the residence at 3964 Natural Bridge (Evidence Submission 002-03), as well as three PMC 380 AUTO shell casings collected from the exterior of that residence (Evidence Submission 002-01A, B, and C).

The recovered firearms about which Officer Yim may testify include the following:

> **Evidence Submission 005:** Smith & Wesson make, SD9VE model, 9nm~ Luger caliber, Semi-automatic pistol, Serial # FXD2384, 1 magazine, 14 cartridges, in a sealed box;
>
> **Evidence Submission 006:** Glock make, 32 model, .357 Sig caliber, Semi-automatic pistol, Serial # PTT950, 1 magazine, 11 cartridges, in a sealed box;
>
> **Evidence Submission 007:** Nodal Spud LLC make, NDS-2 model, 5.45x39mm caliber, Semi-automatic rifle, Serial #J001575, I magazine, 3 cartridges, in a sealed box;
>
> **Evidence Submission 008:** Smith & Wesson, .38 revolver, serial number "CPX6367," referenced by placard "9," collected from the top of the dresser in the bedroom at 3964 Natural Bridge.

Officer Yim will also testify that a black iPhone found on the floor inside the front doorway of the residence was seized by Homicide Detectives.

Officer Yim will testify regarding her background, training, and experience, including her professional memberships, continuing education courses and seminars she has attended, and her educational background. She will describe the process of evidence collection and the steps she took in cataloguing and collecting the evidence in this matter.

### 3. Ms. Jessica Cochran, Latent Print Examiner

Former SLMP Officer Jessica Cochran will testify as to her analysis of fingerprints on the four separate firearms recovered from the scene by evidence technician Emily Yimm, a detailed discussion of which is included in her previously disclosed report. She will testify that no identifiable latent prints were recovered from any of the four firearms (Evidence Items 005, 006, 007, and 008) described in her report.

She will also describe her background training, and experience, more fully described in her previously disclosed CV. She will also testify as to the methodology used to analyze fingerprints on firearms and the basis for her conclusions that no identifiable latent prints were found on any of the four firearms.

4

4. **Officer Erik Hall, Criminalist**

SLMPD Officer Erik Hall will testify, as described in greater detail in his previously disclosed report, that he collected swabs from Evidence Submission 005, Evidence Submission 006, Evidence Submission 007 and Evidence Submission 008, taken as evidence by Officer Yim, for future DNA analysis. These swabs are identified with the number of the submission, and a subsidiary number for each swab *e.g.*, Evidence Submission 5-1, 5-2, etc. Officer Hall will testify that he observed, and took photographs, of what appeared to be blood stains on Evidence Submission 005. He will testify that he also collected swabs from nail clipping taken from victim Andre Montgomery during his autopsy (Evidence Submission 015).

Officer Hall will testify as to his experience and background and experience, as more fully described in his CV, particularly as to the collection of evidence and the method used for swabbing that evidence for potential DNA testing. He will testify that he has many years of experience in processing evidence from homicides, rapes, assaults and other various crimes, and that he is familiar with the techniques of screening evidence for biological fluids using an alternate light source, STMP, phenolphthalein, and other reagents. He will testify that he is also experienced with the procedure of taking cuttings or swabs of biological materials and retaining them for DNA analysis.

5. **Officer Pamela Larkin, Criminalist**

SLMPD Officer Pamela Larkin will testify that she tested the swabs collected by Officer Erik Hall for DNA. She will further testify that DNA profiles were detected from items 5-1, 5-2, 15-1-1 and 15-2-1 and submission 16. As described in greater detail in her report, Officer Larkin will testify that Partial DNA profiles were detected from swabs taken from Evidence Submission 005, 006, 007 and 008. Officer Larkin will testify that the DNA profile from items 5-1 and 5-2

(swabs taken from Evidence Submission 005) and the partial DNA profile from item 5-3 is consistent with the DNA of an unknown individual (unknown #1).  Officer Larkin will testify that the DNA typing results from Evidence Item 6-1 are consistent with a mixture of DNA from an unknown individual (unknown #2) as the major contributor with a trace of DNA from another individual.  Officer Larkin will testify that too little DNA is present from the trace contributor(s) to make a conclusive determination as to the source of the DNA, but that Andre Montgomery Jr. is excluded as a contributor to the item 6-1 DNA mixture.

Officer Larkin will testify that the DNA typing results from items 7-1 and 8-1 are consistent with a mixture of DNA from an unknown individual (unknown #3) as the major contributor with a trace of DNA from another individual.  Too little DNA is present from the trace contributor(s) to make a conclusive determination as to the source of the DNA.  Officer Larkin will testify that the DNA typing results from item 7-2 are consistent with a mixture of DNA from an unknown individual (unknown #4) as the major contributor with a trace of DNA from another individual. Too little DNA is present from the trace contributor(s) to make a conclusive determination as to the source of the DNA.

Officer Larkin will testify that the DNA typing results from item 15-1-1 are consistent with a mixture of DNA from Andre Montgomery Jr. as the major contributor with a trace of DNA from another individual. She will further testify that too little DNA is present from the trace contributor(s) to make a conclusive determination as to the source of the DNA, and that the DNA profile from item 15-2-1 is consistent with the DNA of Andre Montgomery.

Officer Larkin will testify about her training and experience, which includes her work as a Criminalist II- DNA Analyst from May 2011 to the present. Officer Larkin will testify that she has been employed as an SLMPD Officer since 2009, and she will further testify regarding her

6

extensive training in DNA identification and forensic DNA analysis. She will explain the polymerase chain reaction analysis underlying her DNA identification in the present case.

### 6. Officer Erin Duke, SLMPD CODIS Administrator

SLMPD CODIS Administrator Erin Duke has been with the SLMPD Laboratory since 2006 until the Present. She has intended numerous training courses and professional seminars. Officer Duke will testify that she is responsible for the FBI CODIS server, hardware, software and CODIS workstations. She also ensures the DNA profile data entered meets the CODIS guidelines, and she write CODIS notifications and inform appropriate parties when valid hits occur.

Officer Duke will testify that she ran a CODIS analysis of a swab (Evidence Submission 008-01) of the trigger, grip, and rough portions of the revolver seized as Evidence Submission 008, a Smith & Wesson, .38 revolver, serial number "CPX6367," collected from the top of the dresser in the bedroom at 3964 Natural Bridge. That test indicated a match of the DNA founds on Submission 008 matched Thornton Frye as a possible contributor. Without a buccal swab of Frye, Officer Duke was unable to provide further confirmation. Officer Duke's testimony will be based on her familiarity with the DNA analysis done in this matter, as well as her familiarity with the CODIS system and appropriate procedures for performing CODIS analysis.

Officer Duke will testify as to her background, training and experience, discussed more fully in her previously disclosed CV. This experience includes serving as the CODIS administrator at the SLMPD Laboratory since July of 2011. Prior to that, Officer Duke worked as a Forensic Biologist and DNA Analyst for SLMPD beginning in 2008. From 2006 until 2008, Officer Duke served as a Contract Forensic Biologist for SLMPD Laboratory. Officer Duke has both attended and presented at numerous seminars and courses pertaining to forensic DNA analysis and is an Associated Member of the American Academy of Forensic Sciences.

### 7. Dr. Jane Turner, Former Medical Examiner

The United States intends to offer the testimony of former St. Louis City Assistant Medical Examiner Dr. Jane Turner. Dr. Turner would testify as follows: On March 15, 2016, Dr. Jane Turner conducted a post-mortem pathologist's examination (autopsy) on Andre Montgomery on March 15, 2016. Dr. Turner determined that at the time of the autopsy, Andre Montgomery's height was 5'10 and his weight was 223 pounds. Dr. Turner identified a thoracoabdominal gunshot wound in Andre Montgomery, and recovered a bullet from that wound, which she placed in evidence (Evidence Submission 13-1).

Dr. Turner identified a gunshot wound in Andrew Montgomery's abdomen. Dr. Turner identified two gunshot wounds in Andre Montgomery's right upper extremity. Dr. Turner recovered a bullet from Andre Montgomery's right upper arm, and placed the bullet in evidence. (Evidence Submission 13-2). Dr. Turner concluded that the cause of death was a thoracoabdominal gunshot wound. Dr. Turner concluded that the manner of death was homicide.

Dr. Turner's testimony will include a description of her current employment, as well as any other employment in the field of Forensic Pathology. She will describe her education, training, experience, and qualifications as they pertain to the post-mortem examination of deceased subjects, and as to the process she utilizes in conducting such examinations. Her expert testimony is based on her individualized education, training, and experience, but also upon standardized methods and protocols adopted by the medical and scientific communities.

### 8. SLMPD Firearms Examiner Officer Julie Davis

SLMPD Firearms Examiner Julie Davis will testify regarding her analysis of the firearms and ballistics evidence recovered in this matter, as detailed more fully in her previously disclosed report. In particular, Officer Davis will testify about Evidence Items 013-01 (bullet recovered by

8

Dr. Turner from the body of Andre Montgomery), 013-02 (bullet recovered by Dr. Turner from the body of Andre Montgomery) and Evidence Item 002-03, a bullet recovered by Officer Yim from under the dining room table inside the residence at 3964 Natural Bridge and the shell casings included Officer Yim's Evidence Submission 002 and identified in Officer Davis's report as Items 002-01A, 002-01B, and 002-01C.

Officer Davis will testify that Evidence Item 13-01 is a .380 caliber, 6/Right Twist, Copper jacketed bullet; that Evidence Item 013-02 is a .380 caliber, 6/Right Twist, Copper jacketed bullet; and that Evidence Item 002-03 is a .380 caliber, 6/Right Twist, Copper jacketed bullet. Officer Davis will testify that she conducted a microscopic comparison of Item 013-01 and Items 013-02 and 002-03. Officer Davis determined that Items 013-01, 013-02 and 002-03 were fired from the same firearm due to matching striations. Officer Davis will further testify that these items could have been fired from several makes of firearms, the most common of which are Beretta, Tanfoglio and some Taurus made firearms. Officer Davis will further testify that due to differences in rifling class characteristics, Items 013-01, 013-02 and 002-03 were not fired from the firearms recovered from the crime scene, to wit, Evidence Submissions 005, 006, 007 or 008.

Officer Davis will further testify that a microscopic comparison was conducted between Items 002-01(A) and 002-01 (B) and 002-01(C), which are three separate .0380 caliber shell casings recovered from the crime scene. Officer Davis will testify that her examination determined these items were fired in the same firearm due to matching firing pin and breech face impressions.

Officer Davis will testify regarding her background and experience, including her work as a Firearm and Tool Mark Examiner with SLMPD since 2015, and that she has been an SLMPD Officer since 1998. She will further testify as to her extensive certifications, training, and professional organization affiliations, all of which are fully described in her previously disclosed

9

CV. She will testify that since 2012, she has been a Certified Crime Scene Investigator-International Association for Identification. She will testify as to the method for conducting a microscopic ballistics comparison, as well as her analysis of the rifling characteristics on the bullets recovered from Andre Montgomery. Officer Davis will testify regarding the method by which she determined that the firearms recovered from the crime scene did not fire the bullets recovered from Andre Montgomery, to wit, the process of test firing the recovered firearms and then conducting an examination using a comparison microscope to compare rifling characteristics of the bullets recovered from the scene and from Andre Montgomery both to each other, and to those obtained during the test firing.

### 9. Detective David Wilferd, Digital Evidence Examiner

SLMPD Detective David Wilferd, digital evidence examiner, will testify regarding his examination of victim Andre Montgomery's black iPhone recovered from the crime scene. The United States has previously disclosed the contents of victim Andre Montgomery's cell phone in the form of the PDF of the Cellebrite extraction report. Detective Wilferd's testimony will cover the contents of his examination and the electronic report. Detective Lindhorst is expected to testify that the extracted data from Montgomery's cell phone includes text messages in the form of SMS messages, MMS messages, and instant messages. Detective Lindhorst is expected to testify that the extracted data also included data pertaining to calendars, contacts, emails images, videos, carved data, and other data.

Detective David Wilferd has been employed by the St. Louis Metropolitan Police Department since October 1988. Detective Wilferd has been working investigations as a detective since 1996 within the Bureau of Investigations Crimes Against Persons and Property. Detective Wilferd is currently assigned to the St. Louis Metropolitan Police Department's Cyber Crime Unit

working various crimes in all areas of computers, online investigations and computer forensics. He is a Cellebrite Certified Logical Operator, and a Cellebrite Certified Physical Analyst.

### 10. Detective Brooks Lindhorst

It is anticipated that Detective Lindhorst will testify that he reviewed and forensically analyzed defendant James Timothy Norman's gold Apple iPhone.  Detective Lindhorst will testify that he used forensic tools to examine the iPhone.  He will testify about the methods and procedures he used to conduct the forensic review of the cell phone. He will testify that he used Cellebrite so that the extracted data could be viewed on UFED Reader. The extracted data and UFED Reader have been made available to the defense. He will also testify as to his background in conducting forensic analyses.

The Government has previously disclosed the contents of defendant Norman's cell phone in the form of the PDF of the Cellebrite extraction report.  Detective Lindhorst's testimony will cover the contents of his examination and the electronic report.  Detective Lindhorst is expected to testify that the extracted data from defendant Norman's cell phone includes text messages in the form of SMS messages, MMS messages, and instant messages. Detective Lindhorst is expected to testify that the extracted data also included data pertaining to calendars, contacts, emails images, videos, carved data, and other data.

Detective Brooks Lindhorst has been employed by the St. Louis Metropolitan Police Department since December of 2007.  Detective Lindhorst has been working investigations as a detective since 2011 in the North Patrol/Seventh District Detective Bureau.  Detective Lindhorst was transferred to the Homicide Section within the Bureau of Investigations Crimes Against Persons and Property in May of 2014.  Detective Lindhorst is currently assigned to the St. Louis Metropolitan Police Department's Cyber Crime Unit as a Forensic Examiner he is also assigned

11

to the Federal Bureau of Investigation Crimes Against Children's Task Force and works various crimes in all areas of computers, online investigations, and computer forensics.

## CONCLUSION

This Notice shall serve as the Government's notice of testimony of the aforementioned expert witnesses pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This shall also serve as the Government's request for notice of expert testimony by the defendant pursuant to Rule 16. Specifically, the Government requests that the defendant disclose to the Government a written summary of testimony that the defendant intends to present at trial pursuant to Federal Rules of Evidence 702, 703, and 705.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Gwendolyn E. Carroll*
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys
111 S. Tenth Street, Room 20.333
St. Louis, MO 63102
Angie.Danis@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 2d day of August, 2022, I filed a true and correct copy of the foregoing electronically with the Clerk of the Court, to be served by way of the Court's electronic filing system upon the attorney for the defendant.

      */s/ Gwendolyn E. Carroll*
      GWENDOLYN E. CARROLL #4657003
      Assistant United States Attorney