UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:20-CR-418 JAR |
| | ) | |
| JAMES TIMOTHY NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' NOTICE OF INTENT TO IMPEACH DEFENDANT WITH
EVIDENCE OF PRIOR CONVICTIONS**

Comes now the United States of America, by Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys for said District, and herein provides notice pursuant to Fed.R.Evid. 609 of its intent to impeach Defendant James Timothy Norman's ("Defendant Norman") with evidence of his prior convictions to impeach Defendant Norman should he testify.

**FACTUAL BACKGROUND**

Defendant Norman's prior convictions are as follows: (1) St. Louis County: Case No. #96CR-006115: 2d Degree Assault; sentenced on August 22, 1997 to seven years' confinement; (2) St. Louis County: Case No. 97CR-00675A: First Degree Robbery; Armed Criminal Action, sentenced on August 22, 1997 (to run concurrently with sentence in Case No. 96CR-006115) to twelve years' confinement; (3) St. Louis County: Case No. 97CR-00595B: Attempted Robbery, First Degree; Armed Criminal Action; Kidnapping – Facilitating A Felony – Inflicting Injury – Terrorizing, sentenced on August 22, 1997 (to run concurrently with sentence in Case Nos. 96CR-006115 and 97CR-00675A).  Defendant Norman was released from confinement in the first case

1

on January 25, 2004; Defendant Norman was released from confinement on the second conviction on April 11, 2007; Defendant Norman was released from confinement in the third case on April 11, 2007.  By this filing, the United States offers notice of its intent to impeach Defendant Norman with evidence of these convictions.

## GOVERNING LAW

### I.  Fed.R.Evid. 609 Permits Impeachment of a Defendant with Evidence of Prior Convictions.

Federal Rule of Evidence 609(a) allows a party to offer evidence of a witness' prior conviction for purposes of attacking the witness' character for truthfulness, if the prior conviction was for a crime punishable by death or imprisonment in excess of one year under the applicable law.  If the conviction, or the release of the witness from the confinement imposed for that conviction, occurred more than ten years before trial, the court must determine whether the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and the party offering the evidence must give his opponent advance written notice.  *United States v. Eagle*, 515 F.3d 794, 804 (8th Cir. 2008) (citing Fed.R.Evid. 609).  Because the convictions and dates of release for Defendant Norman's prior convictions occurred more than ten years before trial, this pleading serves as the notice required under Fed.R.Evid. 609.

### II.  The Trial Court Has Broad Discretion in Admitting Evidence of a Prior Conviction.

"[P]rior convictions are admissible for impeachment purposes and . . . any criminal defendant who takes the stand may be cross examined about his prior felony convictions." *United States v. Buchanan*, 659 F.2d 878, 879 (8th Cir. 1981); *United States v. Finch*, 842 F.2d 201 (8th Cir. 1988), *cert. denied*, 487 U.S. 1239, 108 S. Ct. 2911 (1988) (felon in possession).  The trial

court has broad discretion in determining whether to admit evidence of concerning a prior conviction. *United States v. Wesley*, 990 F.3d 360, 365, 366 (8th Cir. 1993) (citations omitted); *United States v. Hood*, 748 F.2d. 439, 441 (8th Cir. 1984).  The weighing of the probative value against the prejudicial effect when evidence of a prior conviction is more than ten years old is offered for the purpose of attacking the credibility of a witness is similarly committed to the sound discretion of the trial court. *United States v. Foley*, 683 F.2d 273 (8th Cir. 1982). *See United States v. Walker*, 817 F.2d 461, 463 (8th Cir. 1983) (citations omitted).  A trial court has full discretion to authorize the admission of a defendant's prior convictions should that evidence prove more prejudicial than probative.

### III. Where a Jury's Determination Depends Significantly on the Credibility of the Defendant, Impeachment through Evidence of Defendant's Prior Convictions is Warranted.

Where the resolution of a defendant's guilt or innocence would depend in significant measure upon the credibility of the various witnesses, the jury is entitled to consider the defendant's other felonious conduct to resolve that conflict. *See United States v. Collier*, 527 F.3d 695 (8th Cir. 2008) (admission of the nature of defendant's predicate felony, the sale or receipt of an access card to defraud, was warranted as impeachment evidence in felon in possession prosecution as defendant's credibility was central to the issue of whether he knowingly possessed the firearm); *United States v. Chauncey*, 420 F.3d 864 (8th Cir. 2005) (evidence of defendant's prior conviction for distribution of a controlled substance was admissible in trial for possession with intent to distribute marijuana because it was probative of the defendant's credibility); *United States v. Bogers*, 635 F.2d 749, 750 (8th Cir. 1980); *United States v. McMillan*, 535 F.2d 1035 (8th Cir. 1976) (once defendant denied participating in robbery and controverted all testimony

concerning his exchange of traveler's checks for cash, prosecution's use of prior conviction for robbery for purposes of impeachment on cross-examination was proper).  When a defendant takes the stand and challenges and controverts all of the testimony regarding his role in the offense, his credibility becomes a critical issue in the case, which renders the probative value of his prior convictions all the greater.

### IV. In Order To Be Determined to be Admissible, the Probative Value of the Convictions Must Outweigh Any Potentially Prejudicial Impact.

Under Rule 609(a), an inquiry about a prior conviction may extend to whether a prior conviction was obtained, when the conviction was obtained, and what the conviction was for. *United States v. Wesley*, 990 F.3d 360, 366 (8th Cir. 1993) (citations omitted).  As a procedural matter, the United States respectfully requests that, should defendant testify, the Court make an explicit finding on the record that the probative value of the convictions outweighs their prejudicial effect and that the Court provide some indications of the reasons for its findings.  *See United States v. Walker*, 817 F.2d 461, 463 (8th Cir. 1983) (citations omitted); *United States v. Hood*, 748 F.2d. 439, 441 (8th Cir. 1984) (noting that the better practice is for the trial court to make an on the record finding that the test weighs in favor of, or against, the admission of the prior conviction).  Because in the present case, as articulated below, the probative value of Defendant Norman's convictions outweighs any potentially prejudicial impact, the United States requests that it be permitted to impeach Defendant Norman with evidence of his prior convictions.

### ARGUMENT

### I. Because Defendant Norman's Credibility Will Be a Significant Factor in the Jury's Consideration of the Evidence, the Probative Value of Defendant Norman's Convictions Outweighs Any Potential Prejudice.

In the present case, should Defendant Norman testify, the United States expects he will

offer testimony directly contradicting the evidence offered by witnesses for the United States, to wit, that Defendant Norman had no role in organizing and directing the murder of his nephew, Andre Montgomery. This testimony will make Defendant Norman's credibility a critical factor in the case. Once a defendant becomes a witness on his own behalf, the United States is entitled to impeach his testimony and attack his credibility with the fact and differing natures of his prior convictions. *United States v. Brown*, 956 F.2d 782 (8th Cir. 1992). In *Brown*, where the defendant was charged with possession with intent to distribute cocaine and marijuana, the Eighth Circuit found no abuse of discretion where the United States impeached the defendant with evidence prior drug convictions and a burglary conviction. *Id.* at 787. The Eighth Circuit framed the issue as follows:

> In the present case, the jury essentially had to choose between one version of events presented by the government's witnesses and another version presented by the defendant's. Under these circumstances, the credibility of the various witnesses was necessarily a critical factor in the jury's choice.

*Id.* Similarly, in *United States v. Holmes*, 822 F.2d 802, 805 (8th Cir. 1987), the Eighth Circuit found no error in the District Court's decision to allow cross-examination of a defendant charged with escape from custody with evidence of his prior convictions for offenses including felon in possession of a firearm, possession of marijuana, and aggravated robbery. These convictions included "several that were over ten years old." *Id.* The Eighth Circuit reasoned that, where the defendant had testified, "the District Court reasonably could find the probative value of the impeachment evidence to be substantial. As the Court noted, credibility was necessarily a major factor in the jury's determination of innocence or guilt." (*citing United States v. Spero*, 625 F.2d 779, 781 (8th Cir.1980) ("where the credibility of one witness must be weighed directly against that of another, the probative value of a prior conviction may well be enhanced, rather than

diminished.")).  Here, as in *Spero*, *Holmes*, and *Brown*, Defendant Norman's credibility is of paramount importance to the jury's evaluation of the evidence, which renders the impeachment of his credibility all the more probative.

Defendant Norman's multiple convictions for violent offenses are highly relevant to defendant's credibility in this case. *See*, *e.g.*, *Lewis v. Sheriffs Dept. for City of St. Louis*, 817 F.2d 465 (8th Cir.), *cert. denied*, 484 U.S. 929 (1987) (prejudicial effect of admitting felony convictions of driving automobile without owner's permission, theft, second-degree burglary, felonious possession of burglary tools, carrying concealed weapon, and illegal possession of controlled substance which occurred within past ten years did not outweigh probative value in assessing inmate's credibility); *United States v. Maisonneuve*, 954 F. Supp. 114 (D. Vt. 1997) (conviction for possession of stolen property could be introduced as impeachment evidence, if defendant charged with conspiracy to distribute cocaine base testified; conviction had some bearing upon honesty and its prejudicial impact was minimal in that it did not involve distribution of controlled substances); *United States v. Hatchett*, 31 F.3d 1411 (7th Cir. 1994) (admission of defendant's prior burglary conviction in narcotics prosecution did not prejudice her defense); *United States v. Hourihan*, 66 F.3d 458 (2d Cir.), *cert. denied*, 516 U.S. 1135 (1995) (district court properly determined that probative value of conviction for felony possession of stolen property outweighed its prejudicial effect).  Permitting the impeachment of Defendant Norman as to the limited universe of (1) whether a prior conviction was obtained (2) when the conviction was obtained, and (3) what the conviction was for, in keeping with Eighth Circuit precedent, would enable the jury to fairly evaluate Defendant Norman's credibility.

In short, Court after Court has recognized that where a defendant takes the stand and makes

his credibility paramount in the jury's determination, the probative impact of his convictions, even those older than 10 years, particularly when those convictions include multiple, violent felony convictions, far outweighs any potential prejudice.  As the Eighth Circuit said in *Brown,* "the jury essentially had to choose between one version of events presented by the government's witnesses and another version presented by the defendant's." 956 F.2d at 787.  Such will be the same in this case, should Defendant Norman testify.  Because Defendant Norman's prior convictions are materially relevant to his credibility, the United States provides notice of its intent to, and respectfully seeks leave to, offer impeachment evidence as to Defendant Norman's prior convictions.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ Gwendolyn E. Carroll
Gwendolyn E. Carroll #NY4657003
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

Copy of the foregoing was served electronically through the electronic case filing system to counsel of record this 4th day of August, 2022.

s/ Gwendolyn E. Carroll
ASSISTANT UNITED STATES ATTORNEY