# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 CR 00418-1 |
| | ) | |
| v. | ) | Judge John A. Ross |
| | ) | |
| JAMES TIMOTHY NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NORMAN'S MOTION TO DISMISS BASED UPON THE GOVERNMENT'S REPEATED AND INTENTIONAL DISCOVERY VIOLATIONS; FOR THE ENTRY OF AN ORDER COMPELLING THE GOVERNMENT TO IMMEDIATELY PRODUCE ALL NOTES, DOCUMENTS, AND INTERNAL AND EXTERNAL COMMUNICATIONS REGARDING TRAVELL HILL'S DRUG USAGE, INCLUDING WITH RESPECT TO METH; TRAVELL HILL'S ARREST IN CONNECTION WITH HIS VIOLATIONS OF FEDERAL NARCOTICS LAWS FOR METH; AND THE GOVERNMENT'S AGREEMENT NOT TO PROSECUTE MR. HILL FOR THOSE VIOLATIONS OF FEDERAL NARCOTICS LAWS, INCLUDING BUT NOT LIMITED TO ALL COMMUNICATIONS WITH MR. HILL'S LAWYERS REGARDING THE FOREGOING; AND IN THE ALTERNATIVE THE CONTINUATION OF THE TRIAL, IF ONE IS TO GO FORWARD, UNTIL AFTER AN EVIDENTIARY HEARING IS HELD ON THESE ISSUES WHERE THE GOVERNMENT'S REPRESENTATIVES AND HILL CAN BE EXAMINED UNDER OATH, AND AFTER MR. NORMAN CAN RETAIN AN EXPERT**

Defendant, Mr. Norman, by and through his undersigned attorneys, respectfully moves this Court for the entry of an Order: 1) dismissing all charges against Mr. Norman; 2) compelling the Government to immediately produce to Mr. Norman and his counsel all notes, documents, and internal and external communications regarding Travell Hill's ("Hill") drug usage, including with respect to METH; Hill's violation of Federal narcotics laws for METH; and the Government's agreement and decision not to prosecute Hill for his violations of Federal narcotics laws for METH, including but not limited to all communications with Mr. Hill's lawyers; or, in the alternative, if a trial is to go forward, for the continuation of the trial until after an evidentiary hearing is held on these issues where the Government's representatives, and Hill,

can be examined under oath, and after Mr. Norman and his counsel can retain an expert with respect to these issues, and states as follows:

1. The games continue at the expense of Mr. Norman's rights, and he and his counsel's ability to legitimately prepare for trial.

2. It was revealed **late Wednesday afternoon, August 31, 2022**, for the very first time, that **for some twenty-one months**, the Government has been intentionally sitting on, and tactically and intentionally failing to produce to Mr. Norman and his counsel, what can only be described as bomb shell *Brady* and *Giglio* materials.

3. It is no coincidence that the Government is only *now* producing these materials.

4. The Government was forced to do so after Mr. Norman's counsel filed, *earlier this week*, a Motion based upon the Government's intentional and tactical failure and refusal to produce *Brady* and *Giglio* material regarding Hill's extensive drug usage.

5. At the time of filing of that Motion earlier this week, Mr. Norman and his counsel had just learned, *for the very first time* and by way of the Government's August 26, 2022 production, that Hill had an extensive history of serious drug usage - including on the date of the murder that he committed - even though the Government fully intended to have Hill "recall" specific conversations he claims to have had that same day while heavily intoxicated by drugs.

6. However, at that time, Mr. Norman and his lawyers still knew nothing of Hill's arrest in connection with violations of Federal narcotics laws for METH twenty-one months ago, or of the Government's agreement not to prosecute Hill for those violations of Federal narcotics laws.

7. Here, in the late afternoon hours of **Wednesday August 31, 2022**, the Government casually notified Mr. Norman's counsel that it had "uploaded" some additional discovery materials for defense counsel's review. Even then, the file name ("Lab Report") that it uploaded was entirely misleading. The contents of that file actually contained page after page relating to Hill being taken into custody, including in connection with his violations of Federal narcotics

laws. In other words, "Lab Report" did not accurately describe what was actually being produced.

8. This **August 31, 2022** production was not just any ordinary discovery. This was discovery that revealed – *for the very first time* - that the Government's star witness, Hill, had been arrested and taken into custody, including in connection with Hill's violations of Federal narcotics laws for METH some **21 months ago**; that Mr. Hill was in the possession of METH at that time; that a laboratory report confirmed that the substance possessed by Mr. Hill was indeed METH; and that, apparently any prosecution for Hill's violations of Federal narcotics laws has just gone away – even though the Government had claimed, to-date, that Mr. Hill has received absolutely nothing in exchange for his testimony in the present case.

9. Indeed, the Government even posed questions to Hill during his sworn Grand Jury testimony intentionally designed to elicit responses from Hill that he had not received, and would not receive, anything in exchange for his cooperation and testimony in this matter.

10. Thus, it now appears that the Government allowed or encouraged false, or at least certainly misleading testimony to be provided before the Grand Jury.

11. Prior to the afternoon hours of **Wednesday August 31, 2022**, it had only been known by Mr. Norman and his counsel, *as revealed for the very first time only earlier this week* by the Government in other, similarly intentionally withheld discovery materials, that Hill had a serious drug problem arising out of his use of Ecstasy.

12. Now, it appears that was just the tip of the iceberg. Apparently, Hill was also a serious user of METH during the time period at issue.

13. Moreover, as of **August 31, 2022**, it is now known that somehow the Government allowed Hill's violations of Federal narcotic laws for METH to just go away.

14. The Government has known all of this for **twenty-one months**.

15. The Government intentionally withheld this information about Hill's METH use;

his arrest, including in connection with his violations of Federal narcotics laws for METH; and the absence of any prosecution regarding that arrest from Mr. Norman and his counsel, for all of those twenty-one months.

16. Until Mr. Norman's counsel filed a Motion earlier this week after receiving, for the very first time, evidence regarding Hill's extensive Ecstasy usage, the Government still sat on all of the above-referenced evidence regarding Hill and METH, and the "coincidence" that Hill has never been charged for the METH possession and his violations of Federal narcotics laws.

17. Apparently after thinking about the potential ramifications of continuing to not produce, and to continue to withhold these materials regarding Hill, the Government made the tactical decision to produce these materials on **August 31, 2022**.

18. This type of misconduct should not be tolerated any longer by this Court.

19. The Government owes obligations not only to Mr. Norman and his counsel, but to this Court and this system.

20. The Government's position that the rules do not apply to it, and that there are two sets of rules in this courtroom, should not be allowed.

21. The fact that the Government thought that it could hoodwink Mr. Norman, his counsel, and this Court until its bluff was clearly called earlier this week by the filing of Mr. Norman's first Motion regarding Hill's newly disclosed drug usage, is both beyond belief and troubling.

22. The AUSA's know all about this for twenty-one months.

23. The only appropriate sanction under these circumstances is the dismissal of all charges against Mr. Norman.

24. Mr. Norman and his counsel further request the entry of an Order requiring the Government to **immediately produce** to Mr. Norman and his counsel all notes, documents, and internal and external communications regarding Hill's drug usage, including but limited to

Ecstasy **and** METH; Hill's arrest in connection with his violations of Federal narcotics laws; and the Government's agreement not to prosecute Hill for his violations of Federal narcotics laws, including but not limited all communications with Mr. Hill's lawyers.

25. Alternatively, and in addition to the above relief, Mr. Norman and his counsel request an immediate evidentiary hearing where the Government's representatives can be examined under oath, as well as Hill, as to these issues.

26. If a trial is to go forward, Mr. Norman and his counsel have the right to receive full and complete discovery on theses issues, including with respect to Hill's drug usage, including with respect to METH; the Government's non-prosecution decision on Hill's violations of Federal narcotics laws; and what was communicated and represented to Hill and his lawyer about such non-prosecution.

27. Thereafter, once provided with complete discovery on those issues, Mr. Norman and his counsel should be allowed to find, retain, disclose, and prepare to testify at trial, an expert witness who can testify to the impact that Hill's drug usage, including with respect to Ecstasy **and the newly disclosed METH**, has on Hill's ability to recall the events at issue, including the alleged specific conversations that the Government wants Hill to testify to at trial.

**WHEREFORE**, Defendant Mr. Nornan, by and through his undersigned counsel, respectfully requests that this Court enter an Order granting the above requested relief, and for such other and further relief as is appropriate under the circumstances.

**Respectfully submitted,**

 s/ Michael I. Leonard
**MICHAEL I. LEONARD**,
**Attorney for Mr. Norman**

**LEONARD TRIAL LAWYERS**
Michael I. Leonard
Kelsey H. Killion
120 N LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (office)
(312)264-0671 (fax)
mleonard@leonardtriallawyers.com
kkillioin@leonardtriallawyers.com

Gloria V. Rodriguez
9 North County Street, Suite 102
Waukegan, IL 60085
847-672-8888 (office)
312-277-3384 (fax)
gloria@gloriaslaw.com

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, states that, on September 1, 2022, he caused to be filed and served on all counsel of record, the foregoing Motion, using this Court's ECF filing system.

                                      **By:**    <u>s/ Michael I. Leonard</u>
                                                      **MICHAEL I. LEONARD**