UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 CR 00418-1 |
| | ) | |
| v. | ) | Judge John A. Ross |
| | ) | |
| JAMES TIMOTHY NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NORMAN'S MOTION *IN LIMINE* (NUMBER 5) TO BAR THE GOVERNMENT FROM INTRODUCING CERTAIN TESTIMONY FROM CHRIS CARROLL**

Defendant, JAMES TIMOTHY NORMAN, by and through his undersigned attorneys, respectfully moves this Court, *in limine,* for the entry of an Order barring the Government from eliciting certain testimony from Chris Carroll ("Carroll"), and states as follows:

1. Carroll worked at, and managed, one or more of the "Sweetie Pie's" restaurants.

2. Consistent with Defendant's other motions *in limine*, the Government should be barred from eliciting any testimony from Carroll at trial regarding how he met Mr. Norman and where. This is entirely irrelevant and should be barred on that basis alone. Furthermore, any conceivable minimal relevance is substantially outweighed by the danger of unfair prejudice and juror confusion because such "evidence" would only be offered to paint Mr. Norman as a "bad guy" or as one who was formerly incarcerated/convicted of an offense that has absolutely nothing to do with the present case. Thus, any such "evidence" should be barred under Rule 403. Any such evidence should also be barred under Rule 404(b).

3. In addition, the Government should be specifically advised that it is to admonish

Carroll that he is not to reference any such facts, gratuitously or otherwise, during his trial testimony.

4. In addition, the Government should be barred from introducing through Carroll at trial any testimony that Mr. Norman hung out with "shady characters" or "thugs." This "evidence" too is entirely irrelevant. Moreover, in the first instance, Carroll has no foundation to make such assertions about these individuals. Further, any conceivable minimal relevance is substantially outweighed by the danger of unfair prejudice and juror confusion, and should be barred under Rule 403. In sum, Carroll's foundationless characterizations about the company he claims Mr. Norman kept has nothing to do with any issue to be decided by the jury, and again is being offered by the Government simply to paint Mr. Norman as a bad guy and in a bad and wholly prejudicial light. Any such evidence should also be barred under Rule 404(b).

5. Further, the Government should be barred from eliciting testimony at trial from Carroll that Mr. Norman purportedly "stuck" another employee with a significant "tax liability." Any such evidence is entirely irrelevant and should be barred on that basis alone. Moreover, any such evidence should be barred under Rule 403 because any conceivable minimal relevance is substantially outweighed by the danger of unfair prejudice and juror confusion. Again, that issue has nothing whatsoever to do with any issue that the jury will be required to decide in this matter. Any such evidence should also be barred under Rule 404(b).

6. The Government should also be barred from eliciting any testimony at trial from Carroll that he ever saw Mr. Norman with a gun. Any such evidence is entirely irrelevant and should be barred on that basis alone. Moreover, any such evidence should be barred under Rule 403 because any conceivable minimal relevance is substantially outweighed by the danger of unfair prejudice and juror confusion. Again, that issue has nothing whatsoever to do with any

issue that the jury will be required to decide in this matter, and Mr. Norman is *not* alleged to be the shooter in this case. Any such evidence should also be barred under Rule 404(b).

7. The Government should also be barred from introducing any testimony from Carroll Regarding Carroll's speculation and opinions about whether Mr. Norman had any involvement in the robbery of "Ms. Robbie's" (i.e., Mr. Norman's mother) residence. First, Carroll has no foundation for any such testimony, and it should be barred on that basis alone. Second, any such evidence is entirely irrelevant and should be barred on that further basis. Third, any such evidence should be barred under Rule 403 because any conceivable minimal relevance is substantially outweighed by the danger of unfair prejudice and juror confusion. Again, that issue has nothing whatsoever to do with any issue that the jury will be required to decide in this matter. Fourth, any such evidence should also be barred under Rule 404(b).

8. The Government should be barred from introducing any testimony from Carroll at trial that Mr. Norman or anyone else was allegedly involved in a fight with a professional football player. Again, Carroll has no foundation for any such testimony because he was not present when it occurred, and it should be barred on that basis alone. Any such evidence is entirely irrelevant and should be barred on that further basis. Any such evidence should be barred under Rule 403 because any conceivable minimal relevance is substantially outweighed by the danger of unfair prejudice and juror confusion. Again, that issue has nothing whatsoever to do with any issue that the jury will be required to decide in this matter, and would once again be offered by the Government only for purposes of painting Mr. Norman as a bad guy and in bad light. Finally, any such evidence should also be barred under Rule 404(b).

**WHEREFORE**, Defendant, Mr. Norman, by and through his undersigned counsel, respectfully requests the entry of an Order, *in limine*, granting the above requested relief,

and for such other and further relief as is appropriate under the circumstances.

**Respectfully Submitted,**

*/s/ Michael Leonard,*
Michael I. Leonard
Kelsey Killion
Leonard Trial Lawyers
120 N. LaSalle Street, 20th Floor
Chicago, Illinois 60602
312-380-6559 (office)
312-264-0671 (fax)
mleonard@leonardtriallawyers.com

*/s/Gloria V. Rodriguez,*
Gloria V. Rodriguez
9 North County Street, Suite 102
Waukegan, IL 60085
847-672-8888 (office)
312-277-3384 (fax)
gloria@gloriaslaw.com
**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

  I, Michael Leonard, one of the attorneys for Defendant, hereby certify that I caused to be served a true and accurate copy of the foregoing document on all parties of record by way of this Court's ECF filing system on September 1, 2022.


              */s/Michael I. Leonard*
              **Michael I. Leonard**