IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:20-CR-00418-JAR |
| v. ) | |
| ) | |
| JAMES TIMOTHY NORMAN, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
THIRD MOTION FOR DISMISSAL**

On September 5, 2022, Defendant Norman moved to dismiss the Indictment in this matter in view of the United States' *pretrial* disclosure, made on August 26, 2022, of statements made by Chris Carroll. Doc. No. 338. Because Defendant Norman possessed Chris Carroll's statements in more than sufficient time to make use of that information at trial, the dismissal sought by Defendant Norman is not warranted, and the United States opposes Defendant Norman's Motion.

Defendant Norman's Motion to Dismiss fails for several reasons. First, the statements made by Chris Carroll regarding his meeting with Travell Hill are in fact more ambiguous than as characterized in Defendant Norman's motion. Second, to the extent that Chris Carroll's statements contain arguably favorable material to Defendant Norman, the disclosure of that information was made on August 26, 2022, in more than sufficient time for Defendant Norman to make use of that information at the time of trial, as indicated by the fact that counsel for Defendant Norman explicitly referenced Chris Carroll's statements during the pretrial conference in this matter held on September 2, 2022. Further, Defendant Norman has articulated no specific prejudice caused by the timing of the disclosure of Chris Carroll's statements. Defendant Norman remains free to

1

call Chris Carroll as a witness at the time of trial to testify as to any conversations he did or did not have with Travell Hill concerning the conduct charged in the conspiracy to commit murder-for-hire.

Preliminary, the United States notes that Chris Carroll is, as the Court is aware from the United States trial brief in this matter, an uncharged co-conspirator in the murder-for-hire conspiracy with which Defendant Norman is charged in Count One of the Superseding Indictment. On March 11, 2021, months after the Grand Jury's return of the Superseding Indictment in this matter, investigators conducted an interview of Cheris Carroll. In that interview of Chris Carroll, Chris Carroll offers various, often contradictory statements regarding his meeting with Travell Hill, at first saying that he does not know whether Defendant Norman directed him to tell Travell Hill that Andre was located at a hotel, but then going on to say that he does not know whether Defendant Norman directed him to tell Travell Hill that Andre was located at a hotel. Chris Carroll does make a self-serving statements, denying the criminal purpose of any meeting he had with Travell Hill. Chris Carroll, an unindicted co-conspirator, does not confess to directing Travell Hill to murder Andre Montgomery.

To the extent that Chris Carroll's self-serving statements are useful to Defendant Norman, Defendant Norman is free to call Chris Carroll as a witness at the time of trial. Defendant Norman received this information well in advance of trial – indeed, counsel for Defendant Norman explicitly referenced Chris Carroll's denial of instructing Travell Hill to murder Andre Montgomery during the pretrial conference in this matter. As the Eighth Circuit has held, "*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005). *See also United States v. Heppner*, 519 F.3d 744, 750 (8th Cir. 2008) ("The

government disclosed the FBI investigation report the day before trial so appellants had the information in time to use it at trial."); *United States v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir. 2011) ("We have previously held that '*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial .' ") (citing *United States v. Almendares*, 397 F.3d at 664). There is simply no basis in law for the remedy of dismissal in this matter, where Defendant Norman is in possession of this information well in advance of trial and can make whatever legally permissible use of it he chooses.

Further, Defendant Norman has cited no legal authority supporting his request for docketing the self-serving statement of an uncharged co-conspirator for purposes unspecified future "review."

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court **DENY** Defendant Norman's Motion for Dismissal, *etc.*.

    Respectfully submitted,

    SAYLER A. FLEMING
    UNITED STATES ATTORNEY

    /s/ *Gwendolyn E. Carroll*
    ANGIE E. DANIS, #64805MO
    GWENDOLYN E. CARROLL, #4657003NY
    Assistant United States Attorneys
    111 S. 10th Street, 20th Floor
    St. Louis, MO 63102

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 30, 2022, the undersigned filed the foregoing electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon all counsel of record.

               */s/ Gwendolyn E. Carroll*