IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. S1-4:20-CR-00418-JAR |
| v. ) | |
| ) | |
| JAMES TIMOTHY NORMAN, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER EVIDENCE OF DEFENDANT AND VICTIM
<u>AND TO PERMIT IMPEACHMENT OF DEFENDANT'S CHARACTER WITNESSES</u>**

COMES NOW the United States, by and through its attorney, United States Attorney Sayler A. Fleming, and Angie E. Danis and Gwendolyn E. Carroll, Assistant United States Attorneys, and moves this Court to exclude improper evidence of the character of Defendant Norman or victim Andre Montgomery. In support of its Motion, the United States of America states as follows:

1. **Procedural Background**

On Friday, September 9, 2022, Defendant Norman called Ed Chandler as a witness. Defendant Norman elicited testimony from Mr. Chandler as to Defendant Norman's reputation for truthfulness and peacefulness, as well as Mr. Chandler's opinion that Defendant Norman possessed those traits. Counsel for Defendant Norman has previously indicated that Defendant Norman intends to call 4-10 witnesses in the defense case. In anticipation that Defendant Norman will call additional character witnesses, including Robbie Montgomery – the mother of Defendant Norman, the United States files this present motion to exclude improper evidence of Defendant Norman's

1

character, and to alert the Court to the United States' intention to impeach Defendant Norman's character witnesses as to the witness's familiarity with instances of Defendant Norman's conduct that contradict the traits of peacefulness or truthfulness. The United States further moves to prevent witnesses called by Defendant Norman from offering irrelevant evidence of Andre Montgomery's character, through reputation, opinion, or specific acts.

**2. Governing Law Concerning Evidence of a Defendant's Character**

Rule 404(a)(2)(A) states that a defendant in a criminal case "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). "In the criminal context, a pertinent character trait is one that is relevant to the offense charged." *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002); *see also United States v. Staggs*, 553 F.2d 1073, 1076 (7th Cir. 1977) ("[A] character trait can only be "pertinent" if its existence is relevant to the outcome of the case."); *Gross v. United States*, 394 F.2d 216, 219 (8th Cir. 1968) ("Generally, in a criminal case, the defendant may introduce evidence of his good reputation relating to the time and place of the act or acts charged and before. . . . Inquiry as to the reputation of the person involved must relate in criminal cases to that existing at the time of the crime, and a reasonable anterior time through which such reputation continues, not too remote from the date of the crime.'") (internal citations omitted).

However, a party may not elicit testimony from a character witness regarding specific instances of defendant's conduct under the guise of explaining the basis for, or laying the foundation for, the testimony of a character witness. The advisory committee note to Rule 405 explains that

> The express allowance of inquiry into specific instances of conduct on cross-examination [of a character witness under Rule 405(a)] and the express allowance of it as part of a case-in-chief when character is actually in issue [under Rule 405(b)] contemplates that testimony of specific instances is generally not permissible on

> direct examination of an ordinary opinion witness to character . . .   Opinion testimony on direct in th[is] situation ought in general to correspond to reputation testimony as now given, i.e., be confined to the nature and extent of the observation and acquaintance upon which the opinion is based.  See Rule 701.

Fed. R. Evid. 405 advisory committee note.  This limitation on specific instance evidence is in place because such evidence "possesses the greatest capacity to arouse prejudice, to confuse, and to consume time." *Id.*; *see United States v. Smith*, 230 F.3d 300, 308 (7th Cir. 2000).  Accordingly, after a proper foundation is laid, the testimony of a character witness ]should be limited to (1) whether he has an opinion concerning a pertinent trait of the defendant or knows about the defendant's reputation concerning that trait; and (2) what that opinion or reputation is. Unless a pertinent trait is an essential element of a crime or defense, a party seeking to introduce evidence of a defendant's pertinent trait is limited to reputation or opinion testimony.

Here, neither peacefulness nor truthfulness are essential elements of the charged offenses. *United States v. Gregg*, 451 F.3d 930, 934 (8th Cir. 2006) (noting that character evidence does not constitute an essential element of a claim or charge unless it alters the rights and liabilities of the parties under the substantive law) (internal citations omitted).  *United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013) ("law abidingness, or lack thereof, [was] not an essential element of a wire fraud charge, nor a defense to it");  *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) (defendant's character not an essential element in fraud case); *United States v. Kosinski*, 2017 WL 4953902, at *4 (D. Conn. Oct. 31, 2017) ("[d]efendant's character is not an essential element of the insider trading crimes for which he was indicted . . . ").

As the Ninth Circuit explained in *United States v. Charley*, 1 F.4th 637, 646 (9th Cir. 2021), "in determining whether violent character is 'an essential element' of a self-defense claim under Rule 405(b), '[t]he relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense? If not, then character is

3

not essential and evidence should be limited to [general] opinion or reputation" testimony." (internal citations omitted). The defendant's character for truthfulness or peacefulness does not satisfy this test, and thus, cannot constitute an essential element.

"When character is used circumstantially and hence occupies a lesser status in the case, proof may only be by reputation and opinion." *Gregg*, 451 F.3d 930, 934 (8th Cir. 2006). In particular, when a character trait is not an essential element of a crime or defense, a defendant may not seek to prove his good character through evidence of specific "non-acts," *i.e.*, by showing that he acted lawfully on other occasions. *See*, *e.g.*, *United States v. Williams*, 205 F.3d 623, 624 (2d Cir. 2000) ("[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions."); *United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008) (excluding evidence of defendant's legitimate business dealings offered to negate fraudulent intent); *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012) (evidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment). Accordingly, Defendant Norman may not elicit evidence of specific acts in order to prove a certain character trait.

    **a. Defendant Norman May Not Elicit Evidence of Irrelevant Traits, or Evidence of Specific Instances of his Conduct to Demonstrate his Character for Truthfulness or Peacefulness.**

Defendant Norman may attempt to elicit evidence from witnesses as to their opinion of and knowledge of Defendant Norman's reputations for honesty, truthfulness and peacefulness. The United States contends that Defendant Norman's character for peacefulness is not, in fact, relevant within the meaning of Fed.R.Evid. 405. Defendant Norman is not alleged to have initiated a physical confrontation with the victim in this matter, but rather, to have orchestrated the conspiracy the purpose of which was to cause another individual to murder Andre Montgomery. But to the

limited extent that such evidence of Defendant Norman's peacefulness might be of some conceivable possible relevance, as the law above makes clear, Defendant Norman may not seek to admit evidence of specific instances of conduct to demonstrate his character for those traits.

Further, to the extent that Defendant Norman attempts to have his mother, or any other character witness, testify as to his general good nature, including his dedication to his family, such testimony is inadmissible. *See United States v. Harris*, 491 F.3d 440, 446-47 (D.C. Cir. 2007) (testimony of defendant's mother and girlfriend designed to cast defendant in a "sympathetic light of a dedicated family man who spent the evening before his criminal adventure talking with his mother, playing with his son, and 'caring for his girlfriend,'" was inadmissible under Rule 404(a)(2)(A), because the evidence did not concern a pertinent character trait); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming district court's exclusion of proof of the professional commendations received by defendant, charged with mail fraud conspiracy and perjury, relating to the purchase of police officer promotion exams and answers, holding that the excluded evidence went to traits – bravery, attention to duty, perhaps community spirit – which were not pertinent to the crimes of which the defendant was accused).

> **b. Once Defendant Norman has Elicited Evidence of His Character for Peacefulness or Truthfulness, the United States May Examine Character Witnesses as to their Knowledge of Specific Instances of His Character.**

Once Defendant Norman has opened the door by examining witnesses as to their familiarity with Defendant Norman's reputation for the traits of truthfulness and peacefulness, the United States is permitted to test the credibility of those witnesses through cross-examination as to specific instances of Defendant Norman's conduct. As the Eighth Circuit has recognized, "[e]vidence of a defendant's character is admissible in criminal cases where the defendant introduces evidence aimed at portraying his own character in a positive light, and the prosecution is only rebutting the

inference to be drawn from such statements." *United States v. Allen*, 630 F.3d 762, 766 (8th Cir. 2011) (citing *Cf. United States v. Samples*, 456 F.3d 875, 884 (8th Cir. 2006), *cert. denied*, 549 U.S. 1186 (2007) ("[W]here the instigating party opens the door to questioning ... it is estopped from complaining if its adversary offers fair rebuttal."); *United States v. Womochil*, 778 F.2d 1311, 1315 (8th Cir. 1985) (finding no abuse of discretion in allowing the government to clarify a false impression created by defense counsel on cross-examination). As the Eighth Circuit explained in *Gross*, "[w]hen a defendant places his reputation in issue by the introduction of what are loosely described as 'character' witnesses, he opens the way for the prosecution to test the credibility of such witnesses by making inquiry on cross-examination as to whether the witness had knowledge of specific facts which, if known generally, would have a tendency to detract from the summary of reputation testified to by the character witnesses." *Gross*, 394 F.2d at 219.

In the present case, Defendant Norman has the following criminal convictions, certified copies of which have been provided to Defendant Norman: (1) St. Louis County: Case No. #96CR-006115: 2d Degree Assault; (2) St. Louis County: Case No. 97CR-00675A: First Degree Robbery; Armed Criminal Action; (3) St. Louis County: Case No. 97CR-00595B: Attempted Robbery, First Degree; Armed Criminal Action; Kidnapping – Facilitating A Felony – Inflicting Injury – Terrorizing. These convictions are widely known in Defendant Norman's community, and are referenced explicitly on the Welcome to Sweetie Pies television program. These convictions are widely known in Defendant Norman's community and are referenced explicitly on the Welcome to Sweetie Pies television program.

These instances of conduct are the proper subject of cross-examination of any witness testifying as to Defendant Norman's reputation for peacefulness, or the witness's opinion of that trait. As the Eighth Circuit explained in *United States v. Bruguier*, 161 F.3d 1145 (8th Cir. 1998):

6

> [The character witnesses] gave their opinion that the defendant was a good father. We think it was proper cross-examination for the government to explore the witnesses' basis for holding such an opinion. If, for example, a finding of child neglect has been made with respect to [the defendant], and if the witnesses knew that, any grounds for them believing that [the defendant] was a good father would have been undermined. And if, on the other hand, the witnesses were not aware of such a finding, a jury might beieve that their acquaintance with the defendant was not thorough enough to justify their opinion.

161 F.3d at 1149. Further, even if these incidents had not been widely known to the community, as the Court acknowledged in *Bruguier*, "[a] specific instance of misconduct, even if not of the kind generally known in the community, would be relevant to the witness's own opinion, for reasons we have explained." *Id.* at 1150. Where, as here, this evidence is relevant and probative of a character witness's familiarity with Defendant Norman's character, the United States should be permitted to examine the witness regarding these convictions.

   3. **Defendant Norman Should Not be Permitted to Admit Irrelevant Evidence of Andre Montgomery's Character.**

In the present case, Defendant James Timothy Norman ("Defendant Norman") should be precluded from admitting evidence of homicide victim Andre Montgomery's character, either through testimony as to his reputation to or as to specific instances of conduct. Here, Defendant Norman has not raised the defense that he acted in self-defense. Indeed, the evidence does not establish that Defendant Norman was present at the scene of Andre Montgomery's homicide. Evidence of Andre's violent character could only have even arguable relevance if Defendant Norman were contending that he had acted in self-defense. Defendant Norman has not raised that claim, nor would the evidence support that claim should it have been raised. Such evidence is not relevant, and is far more prejudicial than probative.

A defendant can introduce evidence of a victim's reputation for violent character to in homicide cases *only where self-defense is raised*. See Fed.R.Evid. 404(a)(2); *United States v.*

7

*Emeron Taken Alive*, 262 F.3d 711, 714 (8th Cir.2001) ("When a defendant raises a self-defense claim, reputation evidence of the victim's violent character is relevant to show the victim as the proposed aggressor."). Further, even if Defendant Norman had a colorable claim of acting in self-defense, of which there is no evidence, pursuant to Fed.R.Evid. 405(b), Defendant Norman may not offer specific evidence of Andre Montgomery's prior conduct in order to establish his conformity therewith. In *United States v. Gregg*, 451 F.3d 930, 933-34 (8th Cir. 2006), the Eighth Circuit held that evidence of a victim's specific acts of violence, *even where self-defense was raised by the defendant*, was inadmissible pursuant to Fed.R.Evid. 405(b). The Court cited the Ninth Circuit's holding (referring to it as "the better rule") in *United States v. Keiser*, 57 F.3d 847, 853 (9th Cir.1995), in which the Ninth Circuit affirmed the district court's exclusion of specific acts evidence of a victim's prior violent conduct on the basis that such evidence would not prove an essential element of a self-defense claim and therefore should be excluded under Rule 405(b). *Id.* at n.5.

The Eighth Circuit further noted that although "Gregg never properly sought to admit specific acts evidence before the district court, the district court was never presented with the issue for ruling," but "[h]ad the district court determined the evidence was proper under Rule 405, it may well have determined the evidence should have been excluded under Rule 403." *Id.* at n. 6 (citing *United States v. Waloke*, 962 F.2d 824, 830 (8th Cir. 1992)). Because Andre Montgomery's character for violence has no connection to an essential element of the defense, and is more prejudicial than probative, this Court should preclude Defendant Norman from attempting to establish Andre Montgomery's character through witnesses called in the defense case-in-chief.

Further, during cross-examination of government witnesses, Defendant Norman has repeatedly attempted to elicit evidence of Andre Montgomery's alleged involvement in ATM

8

robberies, car thefts, and the burglary of Robbie Montgomery's home. This evidence has no relevance to the charged conduct, and its prejudicial effect substantially outweighs any potentially probative value. Further, any evidence Defendant Norman might attempt to elicit through his character witnesses as to Andre Montgomery's behavior and lifestyle would be speculative and based on hearsay, and as such, should be excluded.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court **GRANT** the United States Motion *in Limine* to exclude improper character evidence as to Defendant Norman and victim Andre Montgomery.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

/s/  Gwendolyn E. Carroll
ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, MO  63102

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2022, the undersigned filed the foregoing electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon all counsel of record.

/s/ Gwendolyn E. Carroll
Gwendolyn E. Carroll #4657003NY