**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No: 4:20 CR 00418 JAR |
| ) | |
| **JAMES TIMOTHY NORMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT NORMAN'S EMERGENCY MOTION TO CONTINUE SENTENCING AND FOR MISCELLANEOUS RELIEF

Defendant, James Timothy Norman, by and through his undersigned counsel, respectfully moves this Court to continue the sentencing hearing and for the miscellaneous relief requested below, and states as follows:

1. On March 1, 2023, at approximately 9:30 p.m., Mr. Norman's counsel met in-person with Mr. Norman at the St. Genevieve County Jail to further prepare for his March 2 sentencing hearing.

2. During that meeting, Mr. Norman's counsel learned for the first-time that information had been recently conveyed by co-defendant Waiel Yaghnam, through intermediaries, to Mr. Norman.

3. More specifically, Mr. Yaghnam placed a phone call from the Fort Leavenworth Minimum Security Camp in Kansas to an individual in Saint Louis whom Mr. Yaghnam knew to have contact with Mr. Norman and his family. Mr. Yaghnam

instructed that St. Louis based individual to communicate to those affiliated with Mr. Norman the circumstances underlying his "decision" not to testify at Mr. Norman's trial.

4. Mr. Yaghnam indicated that he was told by law enforcement associated with this case that, if he appeared to testify as a witness at Mr. Norman's trial, the Government would ensure that he received a 10-year sentence of imprisonment.[1]

5. It was on that basis that Mr. Yaghnam refused to testify as a witness in Mr. Norman's trial.

6. Based upon this newly discovery evidence, Mr. Norman and his counsel should be afforded the time necessary to communicate with Mr. Yaghnam in order to further investigate and document these serious allegations.

7. Indeed, if law enforcement associated with this case pressured Mr. Yaghnam to refrain from testifying at Mr. Norman's trial and/or offered him an inducement to refuse to testify - and therefore corrupted Mr. Norman's trial - then the charges against Mr. Yaghnam and Mr. Norman should be dismissed and/or other relief should be Ordered.

8. If such an occurrence took place, it would be in direct violation of the ABA Criminal Justice Standards for the Prosecution Function (3-3.4), which provides in relevant part:

(c) The prosecutor or the prosecutor's agents should seek to interview all witnesses, and **should not act to intimidate or unduly influence any witness**; and

(g) The prosecutor should advise a witness who is to be interviewed of his or her rights against self-incrimination and the right to independent counsel when the law so requires. Even if the law does not require it, a prosecutor should consider so advising

---

[1] As this Court will recall, during opening statements, the Government hastily requested a side-bar conference during which they objected to Mr. Norman's counsel's references to Mr. Yaghnam, and further indicated that the Government might not call Mr. Yaghnam as a witness at trial. Mr. Yaghnam thereafter was absent from his residence during Mr. Norman's entire trial.

a witness if the prosecutor reasonably believes the witness may provide self-incriminating information and the witness appears not to know his or her rights. **However, a prosecutor should not so advise, or discuss or exaggerate the potential criminal liability of, a witness with a purpose, or in a manner likely, to intimidate the witness, to influence the truthfulness or completeness of the witness's testimony, or to change the witness's decision about whether to provide information.**

*Id.* at 3-3.4 (emphasis added).

9. Such actions would also constitute a violation of the ABA's ethical standards. *See* Rule 3.4 ("Fairness To Opposing Party And Counsel) ("A lawyer shall not: (b) falsify evidence, **counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law.**" (emphasis added); *see also* Comments to Rule 3.4 ("The procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, **improperly influencing witnesses**, obstructive tactics in discovery procedure, and the like.") (emphasis added).

10. Therefore, Mr. Norman and his counsel respectfully request a continuance of the sentencing hearing to allow this critical issue regarding the potential corruption of the trial to be fully investigated.

11. No party will be prejudiced by such a continuance because Mr. Norman has been in, and remains in, custody.

12. Certainly, the United States Attorney's Office should have no objection to a full examination of the circumstances underlying Mr. Yaghnam's failure to testify at trial. As this Court knows, that Office has an obligation to achieve justice and not simply obtain convictions – particularly potentially tainted ones. *See* ABA Criminal Justice

Standards for the Prosecution Function, at 3-1.2(a) ("The prosecutor is an administrator of justice, a zealous advocate, and an officer of the court").

13. Additionally, Mr. Norman and his counsel request that all texts, email, instant messaging, and other communications - prior to and during Mr. Norman's trial - between, on the one hand, the prosecution team including Detective Rudolph and any other member of law enforcement, and on the other hand, Mr. Yaghnam, be promptly produced.

14. Mr. Norman and his counsel further request the production of Mr. Yaghnam's BOP prison calls at Fort Leavenworth.

15. Finally, Mr. Norman and his counsel request the production of documents reflecting calls placed to Mr. Yaghnam by any member of law enforcement, prior to and during Mr. Norman's trial.

**WHEREFORE**, Defendant, James Timothy Norman, by and through his undersigned counsel, respectfully requests that this Honorable Court enter an Order granting him a continuance of the sentencing hearing, and for the additional relief requested above.

**Respectfully Submitted,**

<u>*/s/Michael Leonard,*</u>
Michael I. Leonard
Leonard Trial Lawyers
120 N. LaSalle Street, 20th Floor
Chicago, Illinois 60602
312-380-6559 (office)
312-264-0671 (fax)
mleonard@leonardtriallawyers.com

<u>*/s/Gloria V. Rodriguez,*</u>
Gloria V. Rodriguez
The Gloria Law Group
9 North County Street, Suite 102
Waukegan, IL 60085
847-672-8888 (office)
312-277-3384 (fax)
gloria@gloriaslaw.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

    I, Gloria Rodriguez, one of the attorneys for Defendant, hereby certify that I caused to be served a true and accurate copy of the foregoing document on all parties of record by way of this Court's ECF filing system on March 1, 2023.

                By:    /s/Gloria Rodriguez
                           **Gloria Rodriguez**