UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION UNITED STATES OF AMERICA, ) Plaintiff, ) ) V. ) No. 20 CR 00418 ) Judge John Ross JAMES TIMOTHY NORMAN. ) Defendant, ) Comes now ,defendant, James Timothy Norman , pro se and moves this honorable court to recuse himself from this case. Judge Ross participated or allowed fraud,misrepresentation, and conspiracy, and ineffective assistance of counsel by Defense Attorneys Joseph Hogan and Ethan Corlija, Assistant United State's Attorneys Angie Danis and Gwendolyn Carroll, St.Louis Metropolitan Police Detective David Rudolph, F.b.I. special agent Chris Faber , and United States Magistrate Judge Nannette Baker. Before,during, and After the timeframe of Defendant Norman's case No.4:20-cr-00418-jar, Judge John Ross and my Previous attorney Joseph Hogan had been facing pending court decisions for allegations of fraud, misrepresentation, and conspiracy. Judge Ross and Attorney Hogan have been accused of working with police and prosecution to obtain convictions of Defendants. See " Parks v.Ross 4:20-cv-129 snlj , " Parks v. USA no. 4:22-cv-306" "Parks v. USA 4:18-cv-1923 Jar" " Parks v. Queen 4:20-cv-1286 SRC ". Hogan did not notify Defendant Norman of allegations or pending decisions .In addition Attorney Hogan did no notify Defendant that he worked with ,was employed by, and received payment from St.Louis Metropolitan Police Detective David Rudolph .Detective Rudolph is treasurer of St.Louis Fraternal Order of Police Union And employed Hogan to defend Police officers on two separate cases the were ongoing at the same time as Defendant Norman's case. Defense attorneys also refused to confront and bring forth the fact that prosecution had not produced discovery and Detective Rudolph had employed an illegal tactic by bringing a Defense Lawyer with him from St.louis missouri to Memphis Tennesse prior to co defendant Terica Ellis arrest to coerce her .(see doc.58-1 pg.22 lines 1-24)Defendant Norman wrote the court in April of 2022 that he wished to terminate his current Attorney Team of Joseph Hogan and Ethan Corlija . During hearing before judge Ross ,the Judge tried to convince Defendant Norman to reconcile with Attorney Hogan and team and keep as his legal counsel. After Defendant Norman declined ,Judge Ross proceeded to set trial for less than 2 months away knowing that there were discovery issues . When asked again by new counsel for an extension during this hearing Judge Ross declined. Magistrate judge Nannette Baker ordered the prosecution to produce discovery in 30 days at a hearing in October of 2020. Judge Baker and Ross were notified in writing and orally several times over the course of defendant Normans 2 years in custody about discovery but did nothing. Approximately 4 days after the Hearing before Judge Ross to terminate counselors Hogan and Corlija, Judge Ross worked with Prosecutors Danis and Carroll to release "confession or statements" of co defendant Travell Hill to the Media from what was supposed to be sealed discovery information. Essentially Defendant Norman and new counsel had to get discovery information from the news. In addition to the current relationship of Hogan and Judge Ross being co defendants in another case , Judge Ross has had question able decisions that were in favor of Detective Rudolph. There are cases where Defendants were later set free due to Detective Rudolph's illegal arrest, search and seizures, coercion of witnesses, beating of suspects during interrogations etc...see "McKay v.St.Louis no.4:15-cv-01315 jar" "Braxton v. St.Louis no. 4:15-cv-1542 Jar" "State of Missouri v. Henderson 410 s.w. 3d 760 no.ed98281," The other courts said Rudolph was wrong when Judge Ross said he was right and allowed his evidence and investigations to be admitted. Judge Ross has previously recused himself from some drug cases due to family history and possible bias. Judge Ross and Prosecution deliberately did not admit and excluded evidence and testimony that would have revealed this cases drug undertones because he would have had to recuse himself like previous cases.this crime occurred at a drug house. the victim ,others who were shot, and people present had drugs , paraphernalia, and weapons at the time of incident.The Victim Andre Montgomery ,my nephew had a history of drug issues which led to his fallout with family and removal from his moms house ,removal from his Grandmother's house,removal from his apartment provided by Defendant Norman,loss of television job,removal from School, Robbery of his Grandmothers house, his disappearance,etc...drugs was the issue. Codefendant Travell Hill was arrested with Drugs,was a seller And habitual user. Drugs were all over this case but Judge Ross and Prosecution kept that out of the narrative because Judge Ross would have had to recuse himself.co defendant Travelled Hill was not even Charged with the Drugs and weapon found on him. In Fact attorney Joe hogan has been appointed to cases by Judge Ross before recusing himself only later to have the Defendant claim ineffective counsel see " Fips v.USA No.4:22-cv-00402 SRC" Judge Ross and Magistrate Judge Nannette Baker also allowed prosecution and Special agent Chris Faber to give False testimony that Detective Rudolphs involvement in defendants Normans arrest and case was minimal. During evidence hearing in April of 2022 judge Baker allowed prosecution to block agent Rudolph from being questioned on his history of questionable cellular phone searches and interrogations see" u.s.a. v. Denton no. 4:16-cr-429 hea/PLC" and "USA v. Collins 754 f. 3d 626 No.13-2455" prosecution and police stated that there was no search performed at Defendant Normans residence because there was no search warrant ,only an arrest warrant.Defendant Norman tried to bring to the light that his comapny car had been confiscated and auctioned off by Detective Rudolph with no paperwork ,but Judge Baker did not let the issue be talked about.Prosecution has gone to the lengths of removing Detective Rudolph name from a large portion of reports and paperwork due to his history and tactics. Detective Rudolph was the lead on Defendant Normans case , conducted all interrogations,searches, and sat with prosecution at their table facing the jury during the entire trial . Yet they contended his involvement was minimal and Judge Ross allowed this. In conclusion it is evident there are some questionable relationships and connections among the Lawyers,Detective,and judge on this case in addition to the drug involvement . Judge Ross should have recused himself from this case to eliminate all questions or speculation of him being bias or a conspirator. Respectfully submitted this 28th day of 2023 James Timothy Norman Inmate number :74043 Ste.Genevieve county detention center 5 Basler Drive Ste.Genevieve, Missouri 63670

# Message From James Norman

**To Me**

Sent Date: 2/28/2023 03:55 PM

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI EASTERN DIVISION UNITED STATES OF AMERICA,) Plaintiff, ) ) V. ) CASE NO. 4:20CR-00418 JAR/NAB ) JAMES TIMOTHY NORMAN, ) ) Defendant. ) MOTION TO SUPPRESS STATEMENTS COMES NOW, Defendant, James Timothy Norman, pro se, and moves this honorable Court for an order suppressing statements of defendants Terica Ellis and Travell Hill. Fed Rule From.P.12(c). In support of Defendants Motion to Suppress, he alleges that statements made to government by Ellis were result of coercion by an secret attorney acting under color of Government Authority and St.louis Metropolitan Detective David Rudolph.Statements made by Travell Hill were a result of coercion Led by St.Louis Detective David Rudolph and AUSA Angie Danis while Defendant Hill was under the influence of narcotics. As outlined in the paragraphs below, defendant's constitutional rights were violated. In support of this motion defendant states as follows: Facts 1. On or about August 20, 2020, an indictment was returned in the United States District Court for the Eastern District of Missouri against the defendant James Norman. 2. On or about November 12,2020, a superseding indictment was returned charging the defendant with Murder for Hire Conspiracy in violation of title 18, u.s.c. sec 1958, murder for hire in violation of title 18 u.s.c.sect 1958 & 2, and wire and mail fraud in violation of Title 18 u.s.c. 1349. 3. The indictment is based upon an investigation into the death of Andre Montgomery that occurred on March 14, 2016. 4. It is alleged in the indictment that James Norman obtained a life insurance policy on Andre Montgomery in October 2014. 5. It is Alleged that Norman flew to St.Louis from Los Angeles and was in contact with Terica Ellis prior to and leading up to March 14th,2016. 6. It is alleged that Ms.Ellis and Norman had communication s about the whereabouts of Andre Montgomery. 7. On March 14,2016, Andre Montgomery was found dead shortly after meeting with Ms. Ellis. 8. On or between March 15 and March 17,2016 Ms . Ellis received a bank deposit in excess of 9000. 9. On August 17,2020 Terica Ellis was taken into custody in Olive Branch ,Mississippi. 10. On August 18,2020 James Timothy Norman was taken into custody in Ridgeland Mississippi based on statements made by Terica Ellis. 11. On October 6, 2020, a transcript of a detention hearing held in the United States District Court for the Western District of Tennessee (Memphis) wasd filed in this cause as Doc.58-1 ( it is of note that the hearing transcript references two dates of when the hearing occurred September 2nd or 23rd of 2020). 12. Detective Donald Thurmond with the St.Louis Metropolitan Police Department testified that he and Detective David Rudolph of St.Louis Metropolitan Police Department conducted an interview of Terica Ellis (Doc.58-1) 13. Detective Thurmond gave a summary version of events leading to the arrest of Ms.Ellis. 14. Detective Thurmond testified that Ms.Ellis had counsel shortly after her arrest,waived her rights per the Miranda decision, and gave a videotaped interview to investigators. (Doc.58-1,p.14, lines 1-19) 15. Ms. Ellis told investigators that she met the victim while working as a stripper at the Bottoms Up Club. She further elaborated upon the alleged involvement of Norman and that she was paid by him for assisting in locating the victim. 16. Prior to the interview of Ms.Ellis ,arrangements were made by the United States Attorney for the Eastern District of Missouri to obtain an attorney to travel to the Mempe area to represent Ms. Ellis. (Doc.58-1,p.22, lines 1-24) 17. It was further explained by Detective Thurmond that After the arrest, but prior to his interview, the attorney obtained by the Government was allowed to speak with Ms.Ellis. (Doc.58-1,p.22, lines 1-24) 18. Several times during the cross examination of Detective Thurmond by Tennessee defense attorney Scott Hall, Detective Thurmond was asked of the name and origin of the Secret Attorney and he answered that he did not know the name of the attorney or how the attorney became involved in the case.(doc#58-1 pg.21 lines 7-25, pg 22 lines 1-25) 19. During cross examination of Detective Thurmond by attorney Scott Hall, Detective Thurmond testified that Ms. Ellis was led to believe her life was in danger ,or "life being at risk" if she did not give information on defendant Norman. (Doc 58-1 pg.30 lines 1-6) 20. In or around November of 2020 Defendant Travell Hill was wanted for questioning based on information given by Defendant Terica Ellis and further investigation surrounding his employment at Sweetie Pies Restaurant s in St. Louis Missouri. 21. In or Around November 2020 Travell Hill was apprehended at a grocery store with his 5yr old daughter and appon searching his vehicle a weapon and drugs were found. 22. During interrogation led by Detective David Rudolph of St.Louis Metropolitan Police and Ausa Angie Dani's Defendant Hill was coerced into giving a false confession and information on defendant Norman using his daughter being in custody as bait. 23. Being convicted of felonies several times Travell Hill was in danger of being charged as a prior and persistent or career criminal with the weapon and drugs found in his possession at time of apprehension. 24.in exchange for letting his daughter go and him not being charged for the weapon and drugs in his possession Defendant Hill signed a false confession and gave a videotaped interview repeating info he was told . 25.Defendant Hill was under the influence and led to believe by Government that a manslaughter charge with a self defense narrative would be given in exchange for his cooperation. ARGUMENT Counsel obtained by the government became an agent of the government prior to the interview of Ms

Case: 4:20-cr-00418-JAR   Doc. #: 517   Filed: 03/02/23   Page: 3 of 3 PageID #: 4366

Miranda decision, and gave a videotaped interview to investigators. (Doc.58-1,p.14, lines 1-19) 15. Ms. Ellis told investigators that she met the victim while working as a stripper at the Bottoms Up Club. She further elaborated upon the alleged involvement of Norman and that she was paid by him for assisting in locating the victim. 16. Prior to the interview of Ms.Ellis ,arrangements were made by the United States Attorney for the Eastern District of Missouri to obtain an attorney to travel to the Mempe area to represent Ms. Ellis. (Doc.58-1,p.22, lines 1-24) 17. It was further explained by Detective Thurmond that After the arrest, but prior to his interview, the attorney obtained by the Government was allowed to speak with Ms.Ellis. (Doc.58-1,p.22, lines 1-24) 18. Several times during the cross examination of Detective Thurmond by Tennessee defense attorney Scott Hall, Detective Thurmond was asked of the name and origin of the Secret Attorney and he answered that he did not know the name of the attorney or how the attorney became involved in the case.(doc#58-1 pg.21 lines 7-25, pg 22 lines 1-25) 19. During cross examination of Detective Thurmond by attorney Scott Hall, Detective Thurmond testified that Ms. Ellis was led to believe her life was in danger ,or "life being at risk" if she did not give information on defendant Norman. (Doc 58-1 pg.30 lines 1-6) 20. In or around November of 2020 Defendant Travell Hill was wanted for questioning based on information given by Defendant Terica Ellis and further investigation surrounding his employment at Sweetie Pies Restaurant s in St. Louis Missouri. 21. In or Around November 2020 Travell Hill was apprehended at a grocery store with his 5yr old daughter and appon searching his vehicle a weapon and drugs were found. 22. During interrogation led by Detective David Rudolph of St.Louis Metropolitan Police and Ausa Angie Dani's Defendant Hill was coerced into giving a false confession and information on defendant Norman using his daughter being in custody as bait. 23. Being convicted of felonies several times Travell Hill was in danger of being charged as a prior and persistent or career criminal with the weapon and drugs found in his possession at time of apprehension. 24.in exchange for letting his daughter go and him not being charged for the weapon and drugs in his possession Defendant Hill signed a false confession and gave a videotaped interview repeating info he was told . 25.Defendant Hill was under the influence and led to believe by Government that a manslaughter charge with a self defense narrative would be given in exchange for his cooperation. ARGUMENT Counsel obtained by the government became an agent of the government prior to the interview of Ms Ellis. Similar to private citizens acting at the direction of the government in illegal searches, counsel here acted as an agent of the government to facilitate an interview of Ms.Ellis in violation of her Fifth Amendment rights and in violation of the defendant's right to Due Process under the sixth Amendment. The government's active role in obtaining counsel for Ms.Ellis essentially converted counsel into an agent or Pawn of the government. In challenges to the Fourth Amendment, this court has previously articulated that private citizens may become agents of the government. " The Fourth Amendment applies only to state action ,so it does not constrain private parties unless they act as agents or instruments of the government. United States v. Jacobsen, 466 U.S. 109, 113,104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). When a statue or regulation compels a private party to conduct a search the private party acts as an agent of the government. Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 614,109 S.Ct. 1402, 103 L.Ed.2d 639 (1989)." United States v. Stevenson, 727 F.3d 826,829 (8th Cir.2013) Here , counsel obtained by the government became an agent of the government to facilitate the interview of Ms. Ellis. United States v. Ringland, 966 F. 3d 731 (8th circuit 2020) Whether a private party should be deemed an agent or instrument of the government for Fourth Amendment purposes necessarily turns on the degree of the government's participation in the private party's activities, a question that can only be resolved in light of all the circumstances. " United States v. Wiest, 596 F.3d 906,910 (8th Cir. 2010) (qouting Skinner,489 U.S. at 614, 109 S.Ct. 1402). In this context. We have focused on three relevant factors: "[1] whether the government had knowledge of and acquiesced in the intrusive conduct; [2] whether the citizen intended to assist law enforcement or instead acted to further his own purposes; and [ 3] whether the citizen acted at the government's request. " id. " a Defendant bears the burden of proving by a preponderance of the evidence that a private party acted as a government agent ." United States v. Highbull, 894 F.3d 988, 992 (8th Cir. 2018). Counsel obtained by the government traveled to the Memphis area to speak with Ms.Ellis at the request of the government. Ellis had never previously met "appointed counsel ". On the date of the arrest of Ellis, " appointed counsel " was directed by agents of the government to speak with Ellis. Absent the involvement of the United States Attorney's Office, "appointed counsel" would have never been aware of Ms.Ellis or her arrest. Additionally,as Memphis is a moderate size metropolitan area, the United States District Court for the Western District of Tennessee could have easily appointed counsel or she could have obtained counsel of her choice. Instead of the interview of Ellis being the product of typical functioning of the criminal justice system, the United States Attorney's Office obtained counsel and unknowingly became a pawn of the government to Facilitate and interview. WHEREFORE for all the fore going reasons, the Defendant requests that the court enters an order suppressing the statements of Terica Ellis under the Fifth Amendment and the Defendant Norman's and Hill's right to due process under the Sixth Amendment .Under the " Fruit of the poisonous tree doctrine " (1948 Criminal Procedure) everything after Ms.Ellis's statements should be dropped and dismissed. Respectfully submitted this 28th day of February, 2023 James Timothy Norman Inmate number:74043 Ste.Genevieve County Detention Center 5 Basler Drive Ste.Genevieve, Missouri., 63670-1679